## LOUISIANA MUTUAL INSURANCE CO. *v.* NEW ORLEANS INSURANCE CO.

In regard to re-insurance, the custom among underwriters, in the city of New Orleans, is to divide the risk and not to take the whole of it; and when the application is silent, this is always understood.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
C. *Roselius* and *Race & Foster*, for plaintiffs. *Benjamin, Bradford & Finney*, for defendants and appellants.

VOORHIES, J. This is a suit on a contract of re-insurance. The petition alleges that on the 10th of January, 1855, the plaintiff took a fire risk for the term of three months, to the amount of $10,000, on the sugar and molasses on the plantation of *Messrs. Keary & Brothers,* in the parish of Avoyelles; that on the 19th of January, 1855, application was made to the defendant, who accepted the same, to re-insure, for the benefit of the plaintiff and to the same amount, said sugar and molasses, from the 17th of that month to the 10th of April following, on the payment of the usual premium of 1⅜ per cent.; that on the 18th of January, 1855, said sugar and molasses, which were more valuable than the amount for

which the same were insured, were consumed and entirely destroyed by fire; that La. Mu. Ins. Co. the indemnity thus stipulated was paid by the plaintiff to *J. Y. De Egana*, the N. O. Ins. Co insured; and that by reason of the contract of re-insurance, the defendant is bound to the plaintiff for the payment or reimbursement thereof.

The action is resisted on the ground of misrepresentation. The answer avers that it is stated in the application, that the plaintiff had the buildings, meaning that they had insured the same, when in fact no such insurance had been effected, except on the sugar and molasses, and not on the buildings, until after their destruction. That this statement, which was material and essential, induced the defendant to enter into the contract, which they would not otherwise have done, as not being in accordance with the common understanding and the settled course of dealing among insurers in the city of New Orleans, in which re-insurance is not asked, nor granted, except in cases where the first insurer has taken a larger risk than he considers it expedient to underwrite, alone, and therefore desires to effect a partial re-insurance, in order to divide the risk, a condition implied and well understood in all applications for re-insurance, that is, that the first insurer retains a part of the risk, to the extent of one half, or more.

The application for the re-insurance is as follows :

"Endorsement on open Fire Policy."

"To the Louisiana Mutual Insurance Company :

Please enter $10,000 on open policy, No. 12,998, against fire, made for *Louisiana Mutual Insurance Company*, for the term of, say from January 17th noon of April 10, on sugar and molasses on plantation of *Keary Brothers*, known as Catalpa Grove, Parish Avoyelles.

"No. 12,998. Re-insurance, (We have buildings.)
"Prem. 1⅜ per cent. (Signed) H. P. Janvier, Sec'y.
"New Orleans, January 19th, 1855."

The sugar and molasses, as well as the buildings, thus mentioned, were totally destroyed by a fire which occurred on the night of the 18th of January, 1855.

In regard to re-insurance, the proof appears to us to be conclusive, that the custom among underwriters in the city of New Orleans is to divide the risk and not to take the whole of it; that even where the application is silent, this is always understood.

The question is then reduced to this : is the misrepresentation in this case sufficient to give rise to the avoidance of the policy ?

The doctrine on this subject, as announced by *Mr. Phillips*, is, that " it is an implied condition of the contract of insurance, that it is free from misrepresentation or concealment, whether fraudulent or through mistake." 1 Phillips's Ins. 287. " Every misrepresentation, says *Mr. Arnould*, is fatal to a contract which is made under such circumstances and in such a way as to gain the confidence of the other party and induce him to act, when otherwise he would not." 1 Arnould on Ins. 515, § 194. " It is not necessary, says *Mr. Duer*, as the risk is sometimes expressed, that the facts represented should be material to the risks ; that is, should affect or change the value of the risks in themselves considered. The materiality required is not absolute, but relative, and its test is the actual or probable influence of the facts represented on the mind of the insurer. Every fact is to be deemed material, which there is just reason to believe determined him to insure, or regulated his estimate of the premium." 2 Duer on In. 680.

From the established custom, independently of any extrinsic evidence, the application in this case, it appears to us, must be construed as implying a joint

LA. MU. INS. CO.
v.
N. O. INS. CO.

risk, the one on the buildings by the plaintiff, and the other on the sugar and mo-lasses by defendant, from the 17th of January, 1855, to the 10th April. There was no such risk on the part of the plaintiff. The representation that the plain-tiff had the buildings, was certainly such as was intended to influence the mind of the defendant in taking the risk on the sugar and molasses; and hence it was material, and therefore fatal to the contract. The slightest fraud, although it be only legal, is sufficient to defeat the insurance, inasmuch as it is a contract of a peculiar nature, entirely on speculation, requiring the utmost good faith in repre-sentations made by applicants.

It is, therefore, decreed, that the judgment of the court below be avoided and reversed, and that there be judgment in favor of the defendant, rejecting the plain-tiff's demand; said plaintiff to pay the costs of both courts.