## No. 8370.

### VICTOR ADEMA vs. LAFAYETTE FIRE INSURANCE COMPANY.

Where there is not a condition in the policy of insurance requiring the true title of the insured to be stated, and there has been a misrepresentation of interest, that misrepresentation will not be fatal to the policy if knowledge of the true ownership of the property would not have enhanced the premium or have deterred the underwriter from taking the risk at all.

But when the policy contains the condition requiring the true title to be set forth, failure to comply with it vitiates the policy.

Adema vs. Insurance Company.

A PPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*Armand Pilié* for Plaintiff and Appellant:

1. When one having no personal interest in a property, insures it in his own name, he will be presumed to have acted in behalf of the true owner, and the insurance will insure to the benefit of the latter, upon his subsequent adoption of it, even after a loss has occurred. Angell on Fire and Life Insurance, p. 124, Sec. 79 ; Schooler on personal property, p. 684; Quénault des assurances terrestres, No. 142, p. 115.

2. The same rule governs when one having only an undivided insurable interest in a property insures the whole of it in his own name, instead of insuring his proportional share therein, *eo nomine*, and the policy will protect all the co-proprietors. Thus, the insurance of community property in his personal name by the husband will inure, for the one-half thereof, to the benefit of his co-owner, the other spouse, on her acceptance of the community at its dissolution. Quénault, No. 315 ; Pardessus, No. 592 ; Grum and Jolial, p. 85 ; T. P. Leathers vs. J. W. Cannon, not yet reported.

3. The avoidance of policies for misrepresentation or concealment is made to depend upon the materiality of the disclosure or concealment, to be submitted to the jury as a question of fact. Wood, p. 350, note 1, and sec. 86, p. 168; 10 Peters, 516 ; Curry vs. Comm. Ins. Co. 10 Pick. 535 ; (1 Bennett's Fire Ins. cases, p. 333); Hough vs. City Fire Ins. Co. 29 Conn. 10.

4. It is not in all cases, where the legal or absolute title is not vested in the insured, that the policy will be void if he does not so state it, as required by the condition, for if he really has an insurable interest in the property, and the entire loss falls upon him, the policy will be enforced. Wood, sec. 86, p. 168 ; Hough vs. City Fire Ins. Co. 29 Conn. 10. So , a tutor who insures his ward's property, in his personal name, without communicating particulars as to title, will be entitled to recover.

5. When the policy provides that if the interest of the insured in the property be not truly stated in said policy, or his interest in said property be any other than the entire, unconditional and sole ownership thereof, or that his title thereto be not absolute, it must be so stated in said policy, or the latter shall be void, if the insured possesses and owns the *dominium*, or full ownership of the subject of the contract, he is not within the preceding conditions, and therefore not called upon or bound to make any declaration. *Qui dicit de uno negat de altero.*

6. By the death of one of the parents, the other becomes tutor. of right, and is not only empowered to insure his ward's property, but held responsible for its loss by fire on his failure to do so. Rev. C. Code, Arts. 248, 250, 301 ; 1 N. S. 54 ; 5 N. S. 625 ; 5 A. 565.

7. To constitute double insurance, the policies should cover the identical interest, and that of a mortgagor being distinct from that of a mortgagee, an insurance taken by each on the same property will not create double insurance, even though co-existing together. Griswold, secs. 758. 994 ; Quénault, Nos. 38 and 39.

  The procurement of a void or voidable policy is not a breach of the condition against further insurance without notice, so as to avoid a previously existing policy, even though the insurer who made such void policy should compromise and pay the loss. Griswold, secs. 758, 994, 995, 998 ; Wood, sec. 348, *et seq.*

8. The performance by a tutor of an obligation, or the payment by him of a debt, contracted by the ancestor of the minor, is an act of simple administration, requiring neither the advice of a family meeting, nor the sanction of the judge.

9.  A pledgee is authorized to receive the amount of the credit pledged, and payment to him
    is valid and discharges the debtor.  Rev. Civil Code, Arts. 2140, 3170.

*Albert Voorhies* on the same side.

*Henry P. Dart* for Defendant and Appellee :

1.  A tutor cannot assign or transfer the rights or property of his ward without the advice
    of a family meeting and the approval of the judge.  26 A. 459 ; 16 A. 98 ; 28 A. 427 ; 27
    A. 443 ; 15 A. 148 ; 22 A. 296 ; C. C. 353.
2.  A natural tutor cannot administer without taking oath as such.  Until he takes the oath
    he is not responsible to the minor, *or legally* in possession of the minor's property.  12
    Rob. 637 ; 19 A. 64 ; 3 A. 563 ; 11 R. 503.
3.  Where clauses of the policy require a statement of the nature of the insurer's title, or
    interest in the property, under pain of nullity, the failure to disclose strikes the policy
    with nullity.  Any concealment of or failure to disclose the real interest, is a fraud on
    the company, and the policy null under such a clause.  Wood on Ins. 9, 252, 273, 293, 345,
    381, 423 ; 2 La. 246 ; 17 Barb. (N. Y.) 275 ; 10 Cush. 466 ; 11 Gray, 163 ; 2 Pet. U. S. 48 ; 42
    Barb. 457 ; 11 Ohio, S. 477 ; 2 Grant's case (Pa.), 326 ; 5 Call. (Va.) 517.

The opinion of the Court was delivered by

TODD, J.  This is an action on a policy of insurance issued by the
defendant company, of which the plaintiff is the transferee, for $1500,
the property insured having been destroyed by fire.

The plaintiff appeals from a judgment against him.  The policy was
taken out by one Jean Poméz, who owned only one-eighth of the build-
ing insured, the remaining seven-eighths belonging to his minor child.
The policy issued in favor of Poméz alone.

Among other grounds of defense against the action urged is that the
insured concealed and failed to disclose the true ownership of the prop-
erty, in violation of one of the conditions of the policy.

Section 4 of the policy provides :

" Sec. 4.  If the interest of the assured in the property be any other
than the entire, unconditional and sole ownership of the property, for
the use and benefit of the assured, it must be so represented to the
company and so expressed in the written part of this policy, otherwise
the policy shall be void."

Sec. 14.  Whenever the insured does not enjoy the full ownership of
the property insured, he is required to disclose to the company the na-
ture of his insurable interest and to cause the same to be inserted in
the policy, otherwise the insurance shall be null and void."

These conditions were part of the contract between the assured and
the company.

As expressed by an eminent writer on the subject of insurance :

" When the policy is printed on one half, and the conditions on the
other half, of the sheet, the conditions are to be treated as a part of the

policy, although not referred to therein. So where the policy is in terms made subject to the terms and conditions of the application for insurance, they are to be construed together as forming the contract; so where the policy is in terms founded on the application." Wood, p. 273.

And again: " Where the conditions are written or printed on the face of the policy, the assured by accepting it becomes bound thereby, and is estopped from denying that he assented thereto." Wood, 9; 2 La. 399.

The concealment or failure to disclose his interest in the property cannot be regarded as an immaterial circumstance and of no legal significance in its bearing on the contract, for the reason that the guarantee for the preservation of the property is dependent chiefly upon the extent of the assured's interest in it.

On this point, we quote the following language from a decision of the Supreme Court of the United States, rendered by C. J. Marshall:

" Generally speaking, insurances against fire are made in the confidence that the assured will use all the precautions required to avoid the calamity insured against, which would be suggested by his interest. The extent of this interest must always influence the underwriter in taking or rejecting the risks and estimating the premium. So far as it may influence him in this respect, it ought to be communicated to him. Underwriters do not rely so much upon the principles as on the interest of the assured, and it would seem to be always material that they should know how far this interest is engaged in guarding the property from loss." Insurance Company vs. Laurence, 2 Peter, 48; see, also: 10 Cushing (Mass.), 446; 11 Gray (Mass.), 163; 42 Barb. 457; 11 Ohio S. 477; 5 Call (Va.), 517.

As stated, though the minor child of Poméz owned seven-eighths of the property, the application of Poméz for the insurance is entirely silent as to that fact, as well as the policy itself. Under the authorities cited above, this circumstance alone would avoid the policy.

It is argued by the plaintiffs' counsel, with great ingenuity, that under the system of laws prevailing in this State, no such result would follow; that the insurance effected on the application of Poméz and in his favor would enure to the benefit of his minor child, it being claimed that Poméz was the natural tutor of the child at the time the application was made and when the policy issued.

It has been shown that by the express terms and conditions of the policy that the disclosure of the child's title to the property was imper-

atively required to bind the company, that it was an essential part of the contract, and such terms and conditions do not, in our opinion, contravene any article of our Code or any law of the State; and, therefore, full effect must be given them.

This view of the question renders it unnecessary to consider the other issues presented by the pleadings and discussed by the counsel.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.

---

## ON REHEARING.

MANNING, J.   There can be no doubt that Pomez could have insured the property of his minor child, of whom he was the natural tutor.   Our law compels him to insure when the property is a house in New Orleans, as was this, and imposes upon him responsibility for failing to insure. Rev. Ci. Code, art. 355.   If he had taken the policy, one-eighth for himself and seven-eighths as tutor, no valid objection could have been made.

It has been strenuously urged that the concealment of his child's interest was not material, and a number of decisions and many texts from the books have been cited to shew, if the true ownership would not have enhanced the premium, then the concealment or misrepresentation is not fatal to the policy.   Indeed in the case cited by us from 2 Peters when it went up again, it was said;—whenever the nature of the interest would or might have a real influence upon the underwriter, either not to insure at all or not to undertake the risk except at a higher rate, it must be deemed material and the concealment or misrepresentation of it will avoid the policy.   And the decisive test of the materiality of the concealment or misrepresentation was there said to be to ascertain whether if the true ownership had been known, it would have enhanced the premium.   If it would, then the concealment or misrepresentation would be fatal to the policy.   Columbia Ins. Co. v. Lawrence, 10 Pet. 516.

The converse of this ought to be equally true, viz that when knowledge of the true ownership of the property would not have enhanced the premium or have deterred the underwriter from taking the risk at all, then the concealment or misrepresentation is not fatal to the policy.

But this case is not governed by the law concerning representations of interest.   There was an express stipulation in this policy that whenever the insured is not full owner of the property insured he must disclose the nature of his insurable interest and have it inserted in the

policy, and if he does not, the insurance shall be null and void. This was a condition of the contract to which he assented, and thereby warranted that he was full owner. Now a representation is not like a warranty. A representation must be shewn to be false in a material point or it will not make void the policy, while a warranty must be strictly complied with. Marshall on Insurance, 335. The rule seems to be inexorable that a failure to set forth truly the title will avoid the policy, whether the failure resulted from design or mistake, whenever the policy requires the real title to be stated. Wood on Ins. §§ 202, 218. Such requirement is a vital part of the contract, and a non-compliance with it forfeits all rights under the contract. Palmer v. Fact. & Trad. Ins. Co. 33 Ann. 1336 and authorities there cited on p. 1340. But unless the true ownership or interest in the property is required by the conditions of the policy to be specifically and particularly and accurately set forth, it will be in general sufficient if the insured has an insurable interest under any status of ownership or possession, in cases where no inquiries are made at the time the application is presented or the policy executed. Ins. Co. v. Haven, 5 Otto, 242; May Ins. § 284; Wood on Ins. 398.

So that in the absence of any condition in the contract requiring the insured to state his interest, it will be sufficient if he have an insurable interest, but otherwise if the policy requires the real title to be stated. Wood on Ins. § 202. And this is not an infringement of the doctrine broadly announced that a person who has the care, custody, or possession of property for another may insure it in his own name although he has no pecuniary interest therein, and the insurance will enure to the benefit of the owner. Ibid. §§ 278-9, 284. For that has application and relevance to cases wherein rules are formulated to define what is an insurable interest. The fact that one has possession, exclusive as to all but the owner, and therefore a right to protect the property from loss, gives him the right to insure, and so Pomez who had this possession and the right consequent thereon, with the duty superadded of insuring, could unquestionably insure, but in making his contract he ignorantly and unwittingly assented to and came under the dominion of a condition which struck his insurance with absolute nullity because he did not state and set forth the real title to the property.

It is a hard case, but courts must enforce contracts, and those who make them should look to the conditions of them before they bind themselves.

Our former decree must remain undisturbed.