# INSURANCE COMPANY OF NORTH AMERICA *v.* HIBERNIA INSURANCE COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 14.   Argued December 3, 1889. — Decided May 25, 1891.

A contract of reinsurance to the whole extent of the original insurer's liability is valid, in the absence of usage or stipulation to the contrary.

An open policy of insurance, executed in one State and sent to another, and taking effect by acceptance of risks under it by the insurer's agent there, is not affected by local usage of the place where it was executed.

A policy of reinsurance, limited to the excess of the original insurer's risk above a certain sum, does not prevent him from reinsuring himself elsewhere within that sum.

IN EQUITY. Decree for complainant. Defendant appealed. The case is stated in the opinion.

*Mr. Lawrence Lewis, Jr.,* and *Mr. J. M. Wilson* for appellant. *Mr. J. Bayard Henry* and *Mr. Samuel Shellabarger* were with them on the brief.

*Mr. Thomas J. Semmes* for appellee.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity by the Hibernia Insurance Company, a corporation of Louisiana, against the Insurance Company of North America, a corporation of Pennsylvania, to recover back sums paid under policies of reinsurance by which the plaintiff reinsured the defendant. The bill prayed for a discovery, an account and general relief. The case was referred to a master, upon whose report a decree was entered for the plaintiff for $27,986.79, with interest from the date of the master's report, and costs. The defendant appealed to this court.

Upon full examination of the voluminous and somewhat conflicting evidence, the material facts, as clearly established, appear to be as follows:

In September, 1880, Marshall J. Smith, a member of the firm of Marshall J. Smith & Co., agents of the Hibernia Insurance Company at New Orleans, was in Philadelphia, and called upon Charles Platt, Jr., an insurance broker, son of the president of the Insurance Company of North America, but in no way connected in business with that company, and asked him if he could get business for the Hibernia Insurance Company and a commission for himself, by making an arrangement by which the Insurance Company of North America should reinsure with the Hibernia Insurance Company under an open policy issued in Platt's name; and Smith said he would go back to New Orleans, and write Platt on the subject, and accordingly, after returning to New Orleans, sent him the following letter:

"New Orleans, October 6, 1880.

"Charles Platt, Jr., Esq., Philadelphia.

"Dear Sir: Our Mr. Smith has returned home, and begs to refer to his conversation with you in regard to reinsuring here the excess lines of the North America. We have consulted with the officers of the Hibernia Ins. Co., a branch of which company is under our management, and we propose to take a proportion of the general reinsurance of the North America, excepting coastwise risks from New York here, of which business, at the present rates, we believe the North America does little. The Hibernia will carry a line of $10,000 on all foreign business of the company at all ports, excepting New Orleans. From New Orleans the line must be limited to $5000, as the Hibernia often have a line from their customers, and they may unknowingly double on a vessel. The Hibernia will allow twenty-five per cent rebate, and to you a brokerage of five per cent. Should you be able to arrange this, please notify us at once. The Hibernia Ins. Co. has a capital of $400,000 paid up, is conservative, and we look upon it here as in every way first class for the amount of risk they will assume.

"Yours truly, Marshall J. Smith & Co."

To this letter Platt, after calling on the officers of the Insurance Company of North America, who agreed to give a share of their reinsurance business to the Hibernia Insurance Company, sent the following reply:

"Charles Platt, Jr., Insurance, 331 Walnut Street, Philadelphia.

"Philadelphia, October 11, 1880.

"Marshall J. Smith, Esq., New Orleans.

"Dear Sir: Your valued favor of the 6th inst. is received and I note contents with care. The Ins. Co. of North America, through me, will be glad to enter into the reinsurance arrangement with the Hibernia on the terms named. I inclose herewith a policy I had with the Home Ins. Co. of Newark, N. J., which you can take a copy of on a Hibernia policy, making the sum insured $10,000. Please send me the policy

and I can begin at once. Of course all risks accepted by me will be such that the Ins. Co. of North America carries their line on, and all risks that are bound by me will be held by the Co., as it will not do to have any cancellations. Shall I report all risks to you or the Hibernia Co. direct? I see no reason why the arrangement should not prove a success, and I will do all I can to make it so. The most part of it will be grain and general cargo from Atlantic ports to Europe. Please return the Home policy. With many thanks and regards from Mr. Prictet and myself, I am,

"Yours very truly, CHARLES PLATT, JR."

On October 13, 1880, the Hibernia Insurance Company issued to Platt an open policy, No. 268, in which "The Hibernia Insurance Company of New Orleans by this policy of insurance do make insurance and cause to be insured Charles Platt, Jr., for account of whom it may concern, lost or not lost, at and from ports in the United States and foreign ports, upon all kinds of lawful goods, merchandise, etc.," with the names of the vessel and master, voyage, value of goods insured, rate of premium and amount of risk left blank, and otherwise in the usual form of a policy of marine insurance, not reinsurance, and having this indorsement: "This policy is limited to the sum of ten thousand ($10,000) dollars upon any one vessel from all ports except from New Orleans, where the limit is hereby agreed to and understood to be five thousand ($5000) dollars. This policy is not to cover any risk from port or ports to New Orleans. Notice of each shipment to be given to Marshall J. Smith & Co., managers, as soon as known, and amounts declared as soon as ascertained. This policy to be continuous until cancelled by either party giving twenty days' notice, but without any prejudice to risks pending at the date of cancellation."

Platt showed this policy to the officers of the Insurance Company of North America, but retained it in his own possession.

The Hibernia Insurance Company in 1881 and 1882 issued and sent to the Insurance Company of North America, on

application of its president, four other open policies, Nos. 277, 296, 297, 306, in a different form from No. 268, and differing from each other only in date, voyage and amount of excess.

In No. 297, for instance, dated November 9, 1881, "The Hibernia Insurance Company of New Orleans by this policy of insurance do make insurance and cause to be reinsured the Insurance Company of North America, for account of whom it may concern, lost or not lost, at and from port or ports in the West India Islands to port or ports in the United States, direct or *via* port or ports, liberty of transshipment to include risk of lighterage when such is assumed by the Insurance Company of North America, upon all kinds of lawful goods, merchandise, etc." That policy had this endorsement : " To apply to the excess which the said company may have in all their various policies over fifty thousand ($50,000) dollars, and to apply *pro rata* with all reinsurance policies on same excess, but not to exceed ten thousand ($10,000) dollars. This policy may be cancelled by either party giving notice to that effect, but without prejudice to risks pending at the date of cancellation. This policy is subject to such risks, valuations, conditions and mode of settlement as are or may be taken by the said Insurance Company of North America, notwithstanding anything to the contrary in the within policy, and payment of loss to be made at the same time. Returns to be sent to Marshall J. Smith & Co., in New Orleans."

No. 277, dated April 14, 1881, was on an excess of $60,000 on goods from La Guayra, Porto Cabello and Curaçoa to ports in the United States; No. 296, dated November 14, 1881, was on an excess of $50,000 on goods from the East Indies to ports in the United States; and No. 306, dated September 1, 1882, was on an excess of $70,000 on goods from ports in the United States to ports in Europe.

Many hundred of reinsurances were made under the five policies, mostly under No. 268, in the following manner: Whenever the Insurance Company of North America desired reinsurance, it handed to Platt as representing the Hibernia Insurance Company an application in the form copied in the

Opinion of the Court.

margin,[1] except in sometimes omitting all statements as to excess; and Platt, after accepting the application and entering it in his books, forthwith sent to Marshall J. Smith & Co. at New Orleans a certificate in the form copied in the margin,[2] and afterwards, as soon as he was advised by the Insurance Company of North America of the exact amount of risk attaching, sent to Marshall J. Smith & Co. a statement of particulars in the form copied in the margin.[3] All Platt's commissions were paid by the Hibernia Insurance Company, out of the premiums received by it from the Insurance Company of North America.

---

[1] Philadelphia, —— —— 18—.

Reinsurance is wanted by the Insurance Company of North America for $—— on —— on board of the ——, at and from —— —— ——; to apply to the excess which the said company may have on all their various policies on vessel, freight, cargo or profits, including specie or treasure, over $——, and to apply *pro rata* with all reinsurance policies on same excess, but not to exceed $——. This policy is to be subject to such risks, valuations, conditions and mode of settlement as are or may be taken by the said Insurance Company of North America, notwithstanding anything to the contrary in the within policy, and payment of loss to be made at the same time. To remain open until particulars are given in.

Premium, —— per cent, less —— per cent, $——.

When and where built, ——; number of decks, ——; tonnage, ——; rate, ——.

—— ——, Secretary.

To the —— ——.

[2] Office of Charles Platt, Jr., Philadelphia.

Certificate No. —.　　　　　　　　　　　　　　　　　　No. —.

Insurance has been made in the Hibernia Insurance Company of N. O., under open policy No. ——, for Insurance Company of North America, payable, in case of loss, to them, for $—— upon —— on board ——, at and from —— to ——.

When built, ——; where built, ——; metalled, ——; tonnage, ——.

Remarks, ——; rate, ——.

Premium, —— per cent, $——.　　　　　　　CHARLES PLATT, JR.

Philadelphia, —— ——, 188-.

[3] To the Hibernia Insurance Company of New Orleans:

The amount attaching on open entry of ——————, 188-, under open policy No. ——, on ——, per ship ——, is ——, at —— per cent; premium, $——; net, $——

CHARLES PLATT, JR.

Philadelphia —— ——.

On July 1, 1883, an endorsement was made on each of the five policies, in the following form, differing only in the description of the number of each policy: "New Orleans, La., July 1, 1883. From and after this date this policy, No. 268, of the Hibernia Insurance Co. of New Orleans shall apply to five thousand dollars ($5000) instead of ten thousand dollars ($10,000) as heretofore, on same excess as expressed therein and subject to the same terms and conditions."

On November 23, 1883, all the policies were cancelled, in accordance with their terms, by the Hibernia Insurance Company.

The bill and the master's report proceed upon the theory that Platt, acting for the Insurance Company of North America, applied to the Hibernia Insurance Company to reinsure the Insurance Company of North America on the excess of its usual line, (that is to say, beyond the sum usually carried by it on any good risk, which was alleged to be $50,000,) and represented to the Hibernia Insurance Company that it was to reinsure only those risks that the Insurance Company of North America carried its usual line on; that the Hibernia Insurance Company, upon the faith of that representation, issued nominally to Platt, but really to the Insurance Company of North America, policy No. 268; that the Hibernia Insurance Company afterwards issued the other four policies directly to the Insurance Company of North America for stated excesses; that by ancient and general usage reinsurance is always made upon the faith that the reinsured procures it on the excess only of the usual line carried by him, and is never, unless for special reasons disclosed, effected to the full sum originally insured; that various reinsurance risks were placed by the Insurance Company of North America with the Hibernia Insurance Company under all the policies, and particularly under No. 268, in cases where the Insurance Company of North America was not itself carrying the full sum of $50,000, and in many such cases the Hibernia Insurance Company paid losses without knowledge of that fact; and that many reports of risks made by the Insurance Company of North America were false, and were outside of the terms of the policies. We are unable to concur in this view of the case.

Platt was an insurance broker, carrying on an independent business, and was employed, not by the Insurance Company of North America, but by the Hibernia Insurance Company, to obtain for it a proportion of the reinsurance business of the Insurance Company of North America. The letter of October 6, 1880, from the Hibernia Insurance Company's agents at New Orleans to Platt, after referring generally, and by way of introducing the subject, to their previous conversation "in regard to reinsuring here the excess lines of the North America," proposed, on behalf of the Hibernia Insurance Company, "to take a proportion of the general reinsurance business of the North America," excepting certain voyages, and limiting the amount which the Hibernia Insurance Company would take on each risk. In Platt's letter in reply of October 11, 1880, the statement that "the Insurance Company of North America, through me, will be glad to enter into the reinsurance arrangement with the Hibernia on the terms named," apparently refers to the terms as to voyages and amounts to be taken by the Hibernia Insurance Company. There is no evidence whatever that the Insurance Company of North America authorized him to contract or to represent in its behalf that the reinsurance should be only in excess of its usual line. Nor is there anything in his letter which shows an assumption of such authority by him. Reliance is placed on this sentence: "Of course all risks accepted by me will be such that the Insurance Company of North America carries their line on, and all the risks that are bound by me will be held by the company, as it will not do to have any cancellations." But the clear meaning and purpose of this are, first, to assure the Hibernia Insurance Company, his employer, that he will only accept in its behalf risks that the Insurance Company of North America carries its line on, and, second, to warn it that whatever risks he does accept will be held by that company.

Policy No. 268, dated October 13, 1880, was made by the Hibernia Insurance Company to Platt "for account of whom it may concern," and sent to him at Philadelphia, to enable him to accept in its behalf reinsurance there, and never took effect as a contract of reinsurance of the Insurance Company

of North America on any risk, until the risk had been stated by that company to Platt, and by him accepted in behalf of the Hibernia Insurance Company. The contract between the two insurance companies was made in Philadelphia. The evidence introduced by the Hibernia Insurance Company to prove a usage not to reinsure to the whole amount of the original insurance, giving it the utmost possible weight, proved no more than a local usage in New Orleans. See *Louisiana Ins. Co.* v. *New Orleans Ins. Co.*, 13 La. Ann. 246. It could not therefore affect a contract made elsewhere, and it is unnecessary to consider whether evidence of a similar usage, if universal, would be admissible to control a written contract expressed in the terms of this policy. *Macy* v. *Whaling Ins. Co.*, 9 Met. 354, 365, 366; *Parkhurst* v. *Gloucester Ins. Co.*, 100 Mass. 301; *Cobb* v. *Lime Rock Ins. Co.*, 58 Maine, 326.

In the absence of any such usage, and of any specific stipulation in the policy, there can be no doubt that the original insurer may protect himself to the whole extent of his liability. In the words of Roccus, quoted and approved by Emerigon, by Mr. Justice Park and by Mr. Justice Livingston, *secundus assecurator tenetur ad solvendum omne totum quod primus assecurator solverit.* Roccus, n. 30; Emerigon, c. 8, § 14; Park Ins. (8th ed.) 595; *Hastie* v. *De Peyster*, 3 Caines, 190, 196. So Chancellor Kent says: "After an insurance has been made, the insurer may have the entire sum he hath insured, reassured to him by some other insurer. The object of this is indemnity against his own act." 3 Kent Com. 278. See also *Phœnix Ins. Co.* v. *Erie Transportation Co.*, 117 U. S. 312, 323; *Bradford* v. *Symondson*, 7 Q. B. D. 456.

Policy No. 268, as originally issued, mentions no limit of excess. It contains nothing to prevent its taking effect for the sums thereby insured, although covering the whole original insurance. It does not even show that it is a reinsurance, but it is not the less effectual for that reason. *Mackenzie* v. *Whitworth*, L. R. 10 Ex. 142, and 1 Ex. D. 36. In the agreement of July 1, 1883, endorsed on each of the five policies, by which the sum insured on any one vessel is reduced from $10,000 to $5000 "on same excess as expressed therein," the words just

quoted can have no effect as applied to this policy, in which no excess is expressed. All the reinsurances under policy No. 268, therefore, were in accordance with the terms of the contract; and the allegations of fraud are wholly unsupported by the evidence.

All the claims of the Hibernia Insurance Company, sustained by the decree below, relate to reinsurances under this policy, and are disposed of by what has been said, except two under policy No. 296, as to which there is admitted to have been error, and one under policy No. 297.

That policy, by the terms of the original endorsement thereon, was " to apply to the excess which the said company may have in their various policies over $50,000, and to apply *pro rata* with all reinsurance policies on same excess." This clause, while it limits the reinsurance by the Hibernia Insurance Company to excess over the sum named, contains nothing to prevent the original insurer from protecting himself by obtaining reinsurance from other companies within that sum. There was error, therefore, in holding that the fact that the Insurance Company of North America had obtained such reinsurance elsewhere avoided the reinsurance of the Hibernia Insurance Company upon the same property.

The result is, that the decree must be.

*Reversed, and the cause remanded to the Circuit Court with directions to enter a decree dismissing the bill, with costs.*

MR. JUSTICE BREWER and MR. JUSTICE BROWN, not having been members of the court when this case was argued, took no part in the decision.