BOSTON INSURANCE COMPANY *vs.* GLOBE FIRE INSURANCE COMPANY.

SAME *vs.* INSURANCE COMPANY OF THE STATE OF NEW YORK.

Suffolk.    March 13, 1899. — September 7, 1899.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Marine Insurance — Re-insurance — Validity of Contract — Wager Policy.*

The re-insurance for a certain time and to a certain amount by one insurance company, of such marine risks as another insurance company has when the contract is entered into, or may take during the time that it is to run, is not void as a wager policy, but is a contract which the parties have the power to make.

TWO ACTIONS OF CONTRACT, each upon a policy of re-insurance, to recover one half the amount paid for a loss under a policy of marine insurance issued by the plaintiff.  The defendant demurred to the declaration in each case, on the ground that the contract of re-insurance was illegal.  The Superior Court sustained the demurrers, and ordered judgment for the defendant in each case; and the plaintiff appealed to this court. The facts appear in the opinion.

*E. P. Carver*, for the plaintiff.
*E. S. Mansfield*, (*P. Mansfield* with him,) for the defendants.

MORTON, J.   In each of these cases there was a demurrer, which was sustained, and judgment ordered for the defendant. The plaintiff thereupon appealed to this court.   The declaration alleges in each case in substance that the defendant made a contract of re-insurance with the plaintiff for $50,000, by which the defendant agreed that it would pay one half of all losses that the plaintiff should suffer by fire under marine policies of insurance for one year not exceeding $5,000 on any one loss; that while the contract was in force the schooner Marguerite and her cargo and freight, which were insured under a marine policy in the plaintiff company, were totally destroyed by fire, and the plaintiff became liable to pay and did pay $1,075, and the defendant became liable to the plaintiff for one half thereof; and that due proof of loss was made to the defendant company. A copy of the policy is annexed to and made a part of the declaration in each case.   From that it appears that the re-insurance was to cover " hulls, freights, cargoes, profits, and / or other insurable interests, insured under marine policies, in any part of the world, which the said Boston Marine Insurance Company has, may have, or shall take during the currency of this policy."   Then follow words limiting the risk, " To cover any and all loss, and / or damage, charges, and / or expenses caused by or arising from fire," etc.   The demurrer in each case is the same, and the ground of it is that the policy of reinsurance " is illegal and void, because it purports ' to cover hulls, freights, cargoes, profits, and / or other insurable interests, insured under marine policies in any part of the world,' which the plaintiff had October 19, 1897, or may have or shall take during the currency of said policy, to wit, during one year from October 19, 1897, until October 19, 1898."

The question is the same in both cases, and is whether the re-insurance of such risks as the plaintiff had when the contract was entered into, or might have or take during the year that it was to run, rendered the policy void as a wager policy.

It is to be assumed that it was within the power of the defendant to issue re-insurance policies on marine fire risks. Though the re-insurance was for losses occasioned by fire, it is evident that it was for fire as a part of a marine risk, and constituted in substance and effect marine insurance.   This renders

inapplicable the recent case of *Sun Ins. Office of London* v. *Merz*, $34^{0}$ Vroom, —— to which our attention has been called by counsel for the defendant.   If the defendant undertook marine insurance it was bound by the law and the usages which apply to that kind of insurance.  *Imperial Ins. Co.* v. *Fire Ins. Co.* 4 C. P. D. 166.   The policy which it issued to the plaintiff was an open policy for one year, and was intended to cover not only risks which the plaintiff had taken and which were in force at the date of the policy, but was also intended to attach to and cover such marine risks as the plaintiff should thereafter take during the continuance of the policy.   It is clear, we think, that in marine insurance a policy may be issued to cover property in which the insured has not at the time any interest, but in which he subsequently acquires an interest, and that the policy will attach when the interest is acquired.   Such policies are of common occurrence, and are required by the necessities of business.  See *E. Carver Co.* v. *Manufacturers' Ins. Co.* 6 Gray, 214;  *Clark* v. *Higgins*, 132 Mass. 586 ; *Lincoln* v. *Boston Ins. Co.* 159 Mass. 337 ; *Ins. Co. of North America* v. *Hibernia Ins. Co.* 140 U. S. 565; *Arnold* v. *Pacific Ins. Co.* 78 N. Y. 7 ; *Continental Ins. Co.* v. *Ætna Ins. Co.* 138 N. Y. 16; *Beddall* v. *British & Foreign Ins. Co.* 143 N. Y. 94.

We do not see why there may not be a valid contract of indemnity in regard to such risks by one insurance company with another which shall attach as the risks are taken by the original insurer.   Such a contract or policy would constitute in no just sense a wager policy.   The re-insurer would be liable under it only in cases where the re-insured had an insurable interest and suffered a loss.   Contracts to take effect on the happening of a future event are not unfamiliar or contrary to law.   Letters of credit and offers of reward are familiar illustrations.   See also *Blanchard* v. *Cooke*, 144 Mass. 207.   In ordinary insurance upon merchandise in a store belonging to the proprietor or on commission, the policy will attach to goods subsequently purchased or received, and in which at the date of the issuing of the policy the insured could have had no possible interest.  *Lee* v. *Howard Ins. Co.* 11 Cush. 324.  *Hooper* v. *Hudson River Ins. Co.* 17 N. Y. 424.   See also *Rivaz* v. *Gerussi*, 6 Q. B. D. 222 ; *Sawyer* v. *Dodge County Ins. Co.* 37 Wis. 503 ; *Mills* v. *Farmers' Ins. Co.* 37 Iowa, 400.

It is not necessary in all cases that there should be an insurable interest at the time when the policy issues in the property on which insurance is desired. In marine insurance it is sufficient if there is an insurable interest when the risk begins and at the time of the loss. *Hooper* v. *Robinson*, 98 U. S. 528. In such a case the policy will attach and the insurer will be liable. We see no reason why re-insurance should differ in this respect from original insurance. Any other rule would result in many cases in rendering re-insurance impossible, and we can see no advantage in such a rule, or reason for it. If the re-insurer wishes to know the particulars of the risks that are taken by his insured, he can protect himself by stipulations to that effect, as is commonly done ; but the absence of such stipulations will not render the re-insurance contract invalid. It attaches *ex proprio vigore* to the risks as they are assumed by the re-insured. *Imperial Ins. Co.* v. *Fire Ins. Co.* 4 C. P. D. 166, 171, 172. *Arnold* v. *Pacific Ins. Co.* 78 N. Y. 7, 13.

The learning and diligence of counsel for the defendant have placed before us many extracts from text-books and cases and codes, in which the general doctrine is laid down that there must be an insurable interest at the time when the policy issues, and that there can be no re-insurance except to the extent to which the re-insured has an insurable interest subsisting at the time of re-insurance. As general propositions we have no occasion to discuss them or to differ from them. We do not understand that it is the law in regard to marine insurance, or that it has been decided that one insurance company may not contract with another insurance company to be indemnified by the latter for a certain time and to a certain amount for losses from risks of a certain character which it has already taken, and that it may take during the life of the contract.

That was and is the question raised by the demurrer. We think that the ruling sustaining the demurrer was wrong. The result is that the demurrers must be overruled, the appeals sustained, and the judgments set aside.

*So ordered.*