(33 South. 361.)

No. 14,413.

GERMIER v. SPRINGFIELD FIRE & MA-
RINE INS. CO.

(Jan. 5, 1903.)

INSURANCE — POLICY — REPRESENTATIONS —
WARRANTY—OWNERSHIP OF PROP-
ERTY—BURDEN OF PROOF.

1. In the absence of any express declaration
on the subject, whether a particular represen-
tation or promise in a policy of insurance
amounts to a warranty depends, it may be
said, upon its materiality, as determined by the
court in which the question is litigated. When,
however, the conclusion is reached that such
representation or promise is intended as a
warranty, the question of its materiality is
eliminated, and the only concern of the court,
in the absence of a statutory enactment to the
contrary, is to determine whether the repre-
sentation is true or false, or whether there has
been a compliance or noncompliance with the
promise.

2. The contracting parties are always at lib-
erty to decide for themselves which of the rep-
resentations and promises in a policy of insur-
ance are intended as warranties, and which
are not; and those which by the terms of the
contract, they declare to be warranties, wheth-
er affirmative or promissory, must be accord-
ed that character.

3. In the instant case, both the materiality
of the representation as to ownership, and its
character as a warranty, are specifically de-
clared in the policy, which further provides
"that the entire policy" shall be void if there
be either concealment or misrepresentation on
that subject. Under these circumstances, the
proposition that misrepresentation as to the
ownership of a house does not vitiate the in-
surance on the contents of the house, both be-
ing covered by the same policy, is untenable.

4. The burden rests on the assured to prove
the value of the property with respect to which
he seeks to be indemnified, and where the
claim is for the loss of furniture, etc., in a
dwelling house, the proof falls short if it only
goes to the extent of showing the cost price
of articles which had been in use for an indefi-
nite period.

(Syllabus by the Court.)

Appeal from judicial district court, parish
of Iberia; T. Don Foster, Judge.

Action by Elie Germier against the Spring-
field Fire & Marine Insurance Company.
Judgment for plaintiff, and defendant ap-
peals. Reversed.

Clegg & Quintero and Walter J. Burke &
Bro., for appellant. Broussard, Dulany &
Broussard, for appellee.

Statement of the Case.

MONROE, J. Plaintiff sues to recover for
a loss said to have been sustained during the
life and within the terms of a policy of fire
insurance issued to him by the defendant.
The answer is a general denial, coupled with
an admission as to the issuance of the policy,
and an averment that the same is void by
reason of misrepresentation on the part of
the plaintiff as to the ownership of the prop-
erty. The facts, as disclosed by the evidence
in the record, are as follows: In 1898 the
plaintiff, who had recently arrived from
France, purchased a few arpents of land near
New Iberia, upon which were subsequently
erected a dwelling house and a building
which seems to be called a "barn," and also
an "office." Upon February 11, 1899, he ap-
pears to have sold this property to P. Le
Brun for $500. He, however, remained in
possession, though in what capacity does not
appear. Upon October 22, 1900, he applied
to defendant's agent for insurance in his own
name upon the buildings mentioned, upon
the furniture in the dwelling, upon his vehi-
cles, and his hay, etc., in his barn and sheds.
In his application he answers questions pro-
pounded by saying that he is the owner of
the land, and that the property is mortgaged
for $450; and the application concludes with
the stipulation that the "foregoing [referring
to the questions and answers] is a just, full,
and true exposition of all the facts and cir-
cumstances in regard to the condition, value,
and risk of the property to be insured, so
far as the same are known to the applicant
and are material to the risk; and said an-
swers are considered the basis on which in-
surance is to be effected, and the same is
incorporated in, and considered as forming
part and parcel of, the policy."

Upon this application the policy issued, as-
suring the applicant to October 22, 1901, to
the extent of (1) $500 on the dwelling; (2)
$200 on the barn and sheds; (3) $1,800 on
the furniture, etc., contained in the dwelling;
(4) $50 on vehicles; and (5) $50 on hay, etc.,
in the barn and sheds. The policy contains
the following, among other, provisions:

"Special reference being had to assured's
application, on which this insurance is based,
which is hereby made a warranty by the
assured and part of this policy. * * *

"This entire policy shall be void if the as-

sured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof or if the interest of the insured in the property be not truly stated herein. * * *

"Or if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple."

On May 13, 1901, there was attached to the policy by the agent who issued it a typewritten slip reading as follows:

"Indorsement. Mr. Elie Germier. New Iberia, La. May 13th, 1901. Any loss that may be ascertained and proven to be due the assured under the first and second items of this policy shall be payable to Pierre Le Brun, of New Iberia, La., as his interest may appear at the time of loss, and remainder, if any, to assured. Attached to and forming part of the policy No. 1,062, Springfield F. & M. Ins. Co., of Springfield, Mass. [Signed] Geo. M. Robertson, Agent."

The dwelling house and contents, save a few movables, were destroyed by fire on the night of June 12-13, 1901, and the plaintiff immediately gave notice of that fact, and furnished a list of the movables destroyed, with a valuation of the same.

The defendant's special agent, who was charged with the adjustment of the loss, about that time, however, discovered the condition of the title of the real estate, and wrote to the assured, in part, as follows:

"Upon examination of the loss, I find that at the time of the issuance of the policy you represented that you owned the land on which the building stood, and that this was not the case. * * * Under these facts, and it appearing that prior to the issuance of the policy you had conveyed the land and house to Mr. Pierre Le Brun, and that you did not own the house, nor the land upon which it stood, at the time of the issuance of the policy, there is no liability. For these and other reasons, not necessary now to indicate, we respectfully decline to pay the policy."

And thereupon the plaintiff brought this suit, declaring upon the policy as issued, claiming for the loss of the dwelling as well as of the furniture, and yet making no aver-

ments to negative the idea that the record does not speak the truth in saying that the land and buildings belonged to Le Brun. Upon the trial his counsel attempted to introduce his oral testimony for the apparent purpose of showing that there was some other and further understanding as to the title than appears upon the face of the papers, but the testimony was objected to and excluded. There was judgment for plaintiff in the sum of $1,800, as the loss, covered by the policy, on the furniture, but rejecting his demand in other respects, and the defendant has appealed.

### Opinion.

In the absence of any express declaration on the subject, whether a particular representation or promise in a policy of insurance amounts to a warranty depends, it may be said, upon its materiality, as determined by the court in which the question is litigated. When, however, the conclusion is reached that such representation or promise is intended as a warranty, the question of its materiality is eliminated, and the only concern of the court, in the absence of a statutory enactment to the contrary, is to determine whether the representation is true or false, or whether there has been a compliance or noncompliance with the promise. The contracting parties are always at liberty to decide for themselves which of the representations and promises are intended as warranties, and which are not; and those which by the terms of their contract they have declared to be warranties, whether affirmative or promissory, must be accorded that character.

Whatever, therefore, may be said, in the absence from the contract of any stipulation on the subject, of the materiality and character of a representation as to the ownership of the property insured, if by the terms of the contract such representation is declared to be a warranty, it must be given that effect. In the instant case both the materiality of the representation as to ownership and its character as a warranty are specifically declared in the contract, which further provides that it ("the entire policy") shall be void if there be either concealment or misrepresentation on that subject. The proposition that, though the policy be void as to

the house, it may be enforced as to the contents, is untenable, for such is not the contract between the parties; and the insurer, underwriting both the house and the contents by one contract, was entitled to know the interest of the insured in the whole. Adema v. Insurance Co., 36 La. Ann. 660; Dumas v. Insurance Co. (Ct. App. D. C.) 40 L. R. A. 358. It is said by counsel for defendant, "But even if the misrepresentation in this case would amount to a warranty, and its effect was to avoid the policy in toto, there has been a waiver by the company."

This refers to the fact that a short time before the fire the agent of the company attached to the policy the slip making the loss, if any, upon the building, payable to Le Brun. That change was, however, entirely consistent with the idea that Le Brun was the mortgagee, whereas, from all the evidence that we find in the record, he was the owner, of the real estate, though we do not find, as the counsel seem to think was the case, that defendant's agent was aware of that fact; neither he. nor the party (Mr. Indest) at whose instance he transferred the insurance to Le Brun, having been examined; Le Brun, who was examined. having been asked no questions upon that subject; and the plaintiff himself testifying merely that Indest took the policy to the agent, and brought it back with the slip attached.

It has been held that an equitable title is sufficient to support a warranty that the interest of the insured is the entire ownership of the property, and it may be that the transaction which appears to be a sale between the plaintiff and Le Brun was intended to operate as a mortgage to secure a debt due by the former to the latter. If this be true, we are not prepared to say that the plaintiff may not recover, though we do not determine that question at this time.

Upon the other hand, as the case was presented, we are not disposed to criticise the ruling of our Brother of the district court in excluding testimony on that subject, especially as the counsel for the plaintiff seems to concede that it was correct. Beyond this, we are of opinion that the testimony of the plaintiff, giving only the original cost price of movables, a large proportion of which had been in use for several years, falls somewhat short of establishing their value for the purposes of this case.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment dismissing this suit as in case of nonsuit; the plaintiff to pay all costs.