No. 1920

First Circuit

---

WILLIAM E. BLACKBURN v. ST. PAUL FIRE AND MARINE INSURANCE CO.

---

(January 28, 1926, Opinion and Decree)
(March 2, 1926, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Insurance—Par. 72, 73.**

In a fire insurance policy covering an automobile the assured warrants the facts stated with respect to the purchase of the automobile.

2. **Louisiana Digest—Insurance—Par. 77.**

The statement by an applicant for fire insurance on an automobile that the actual cost to the owner is $1500.00 where he paid only $800.00 and a year and nine months later had it overhauled and repaired at the cost of $735.00 is a breach of warranty by the assured debaring his recovery under the policy.

Appeal from the Fourteenth Judicial District Court, Parish of Beauregard, Hon. Jerry Cline, Judge.

Action by William E. Blackburn against the St. Paul Fire and Marine Ins. Co. to recover fire insurance for the loss of an automobile. Judgment for defendant and plaintiff appealed.

Judgment affirmed.

E. L. Stewart, of De Ridder, attorney for plaintiff, appellant.

John C. Hollingsworth, of New Orleans, attorney for defendant, appellee.

ELLIOTT, J.    William E. Blackburn, the plaintiff obtained from St. Paul Fire

and Marine Insurance Co., defendant, an insurance policy against loss to his automobile by fire to the extent of $800.00. The policy bears date July 7, 1924. The automobile was injured by fire on July 17, 1924, upon which plaintiff signed a sworn application for loss, stated to be $300.00. His suit is to recover on account of the alleged loss the sum of $800.00 with interest and attorney's fees. Defendant resists payment on the ground that plaintiff represented to defendant in obtaining the policy, by statements embodied in the policy, that he acquired the automobile in July, 1924, and that its actual cost was $1500.00; when as a matter of fact he had acquired it in April, 1922, and for the price of $800.00. Defendant urges in its answer that plaintiff's statements that he acquired the automobile in July, 1924, and that it cost him $1500.00 are warranties in the contract; the consideration and cause thereof. That his representations being untrue; the consideration and cause does not exist and that plaintiff can not recover thereon. The district judge rejected plaintiff's demand. The plaintiff has appealed, but we do not find in the record any brief in support of his demand.

## OPINION

The plaintiff as a witness in his own behalf, admits that he bought the automobile in April, 1922, and that the price paid for it was $800.00. Defendant urges in its brief, part of a lengthy statement printed on the inside page of the policy as follows: "Warranties by the Assured. The Assured's occupation or business, where the subject of this insurance is used in connection therewith, the description of the automobile insured, the facts with respect to the purchase of same, the uses to which it is and will be put and the place where it is usually kept, as set forth and contained in the policy, are statements of facts known to the Assured to be true and this policy is issued by the Company, relying upon the truth thereof." This printed matter on the inside page of the policy, is not mentioned in the policy, nor signed by the parties; consequently can not be regarded as a stipulation of the contract, but plaintiff as a witness admits buying the automobile in April, 1922, for $800.00. He says that after buying it he ran it for about a year and nine months. That he then had it overhauled and repaired at an expense of about $735.00. Taking to be true what he says in this regard, the cost of overhauling and repair, added to the purchase price, makes $1535.00. But we think the statement in the policy under heading "Actual cost to owner $1500" refers to the price paid by plaintiff when he bought the car. If $735.00 of the amount consisted of repairs, the fact should have been stated. The matter is not mentioned in plaintiff's petition, consequently can not be explained. The discrepancy between the date of purchase and that stated in the policy is not explained by plaintiff as a witness, nor by allegation in his petition; but we notice that plaintiff did not have a written title to the automobile at the time he obtained the insurance; his title bears date of August 9, 1924. The cause or consideration of an insurance policy can not be misrepresented, to this extent and recovery permitted on the policy.

Giocoechea vs. La. State Ins. Co., 6 Mart. N. S. 51.

La. Mutual Ins. Co. vs. N. O. Ins. Co., 13 La. Ann. 246.

Germuer vs. Insurance Co., 109 La. 341, 33 South. 361; Vance on Insurance, Section 104, pp. 285, 286.

The judgment appealed from is correct.

Judgment affirmed. The plaintiff and appellant to pay costs in both courts.