No.——

First Circuit

---

### PARKER v. STATE ASSURANCE CO.

---

(Feb. 12, 1927. Opinion and Decree.)
(Mar. 8, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Insurance—Par. 40, 42, 92.**

The clause in a fire insurance policy that "this entire policy shall be void if the subject of insurance be personal property and be or become encumbered by a chattel mortgage," does not apply to new chattels bought and mortgaged as the policy went in effect because these chattels were not covered by the prior policy as issued.

2. **Louisiana Digest—Appeal—Par. 729; Insurance—Par. 184.**

Where, the plaintiff in a suit to recover from a fire insurance company failed to prove the value of the goods burned, the case will be remanded to the lower court for the purpose of establishing that value.

Appeal from the Parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

Action by Sims E. Parker against State Assurance Co., Ltd.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded for new trial.

Warren O. Watson, of Baton Rouge, attorney for plaintiff, appellant.

J. C. Hollingsworth, of New Orleans, attorney for defendant, appellee.

MOUTON, J. April 7, 1925, the defendant company insured the household goods, furniture and wearing apparel of the plaintiff against fire. On August 29, 1925, while the insurance policy issued by defendant was still in force, the residence of the plaintiff caught fire and was burned with most of its contents.

Plaintiff brings this suit against defendant company claiming that he has suffered a loss in the sum of $800.00 by the destruction by fire of the goods and effects which were covered by the policy. He also prays for 12 per centum damages on the total amount of his loss, with attorney's fees and legal interest.

His demand was rejected. He appeals.

The policy provides, as follows:

"This entire policy, unless otherwise provided by agreement entered hereon or added thereto, shall be void——if the subject of insurance be personal property and be or become encumbered by a chattel mortgage."

More than four months after the issuance of the policy, on August 20, 1925, plaintiff bought household furniture in the sum of $572.83, from the Globe Furniture

Company of the City of Baton Rouge. On the same date he executed a chattel mortgage in favor of that company to secure the purchase price of the goods. This chattel mortgage was restricted to these goods and did not include the household goods and wearing apparel that were covered by the policy which had, on April 7th, been issued to plaintiff by defendant company.

The clause of the policy above referred to pertinent to the issue presented reads in part, viz.: "If the subject of insurance be personal property, and———become encumbered by a chattel mortgage."

The "subject of insurance" mentioned in that proviso has reference to the personal property which was intended to be protected by the policy. The clause so inserted in fire insurance policies is to prevent the insurer from burdening the property with some future encumbrance, because if encumbered, the owner's interest in the goods or effects might be lessened and as a result, the risk correspondingly increased. If the insured were permitted to burden the property with a chattel mortgage, he could encumber it to its full value, and such a situation it can easily be seen could be turned into a source of profit. In this case, however, plaintiff gave no chattel mortgage on the effects he had insured with defendant company. The risk was not in any way increased by the chattel mortgage he gave to the Globe Furniture Company as that mortgage was restricted, as above stated, to the goods he had bought from that company. It is evident that the clause prohibiting the encumbrance had reference to the property which was being insured by the company, and was not intended as a prohibition to a chattel mortgage given four months thereafter on the household effects which were purchased from the Globe Furniture Company. The giving of the mortgage to that company was not a violation of the policy herein sued upon.

Plaintiff testified to the amount which his household goods and wearing apparel had cost him. This showing fell short of the proof required in cases of this character. It was incumbent upon him to establish the value at the time of the fire that destroyed the goods. Germier vs. Springfield Fire & Marine Ins. Co., 106 La. 341, 33 So. 361.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed; that this case be remanded for the reception of proof to establish the value of the household goods, effects and wearing apparel at the time of the fire, and which were covered by the policy issued to plaintiff by defendant company, as hereinabove expressed; that appellee pay costs of appeal, and those of the lower court to abide the decision of the case.