GUARANTY PLAN CORP.

v.

MECHANICS AND TRADERS, INC.

—

(May 23, 1927. Opinion and Decree.)
(June 20, 1927. Rehearing Refused.)

—

(*Syllabus by the Court*)

1. **Louisiana Digest—Obligations—Par. 76, 78, 87.**

The true sense of the words of a contract is ascertained by the construction put upon them by the parties to the contract.

2. **Louisiana Digest—Insurance—Par. 42, 46, 79, 121.**

An insurance by a Guaranty Plan Company upon a car to protect its interest in the car, and another by the owner of the car upon the same car to protect his interest as owner do not constitute other insurance.

3. **Louisiana Digest—Insurance—Par. 84, 121.**

An insurance upon an auto to be used by the insured in his business of cleaning and dyeing is not vitiated by the insured using the auto to attend a moving picture show with his wife on a Sunday afternoon.

4. **Louisiana Digest—Insurance—Par. 135.**

The policy issued to the plaintiff covered the actual cash value of the car at the time of its loss and not the full amount of the debt due by the purchaser at the time of loss.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by Guaranty Plan Corporation against Mechanics and Traders Insurance Company.

There was judgment for defendant and plaintiff appealed.

Judgment amended and case remanded.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, attorneys for plaintiff, appellant.

Legier, McEnery & Waguespack, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. This is a suit on an automobile insurance policy.

Plaintiff alleged that it is in the business of financing the purchaser of automobiles; that it lends the money needed by the purchaser to pay the price of the car, and has the purchaser to sign a note to represent the amount of money loaned and to secure the payment of the note by a chattel mortgage, and then takes possession of the note; that, as a further security, it takes out an insurance against fire, and theft, and transportation; that it took out a blanket policy with the defendant which became effective on October 23rd, 1922, and was to terminate one year thereafter; that each time an automobile was financed through the defendant the plaintiff would make a report to the defendant which would issue a certificate identified with the blanket policy which would be governed by the blanket policy; that on November 27th, 1922, plaintiff financed the purchase of a Ford for Clarence H. Tate, for which the defendant issued its certificate No. 3173 to the amount of $360; that on May 13th, 1923, while this Ford was parked on the upper side of Canal

Street, plaintiff is informed it was stolen, and notwithstanding diligent efforts was not recovered; that plaintiff notified the defendant of this loss and claimed of it the balance due on said note, being $256.10, which the defendant refused to pay.

By a supplemental petition Tate made himself a party plaintiff to this suit. Claiming $103.90 representing the difference between the amount of the auto certificate, $360, and the equity of the plaintiff in said certificate, $256.10.

These petitions were followed by supplemental petitions, and by supplemental answers.

There was judgment in favor of plaintiff, the Guarantee Corporation, for $256.10, and against Tate rejecting his demand.

Defendant alone has appealed.

Upon the argument of the case in this court the defenses were limited to four, viz.:

1st. The policy contained the following provision:

"It·is warranted by the assured that all cars insured hereunder shall be equipped with a locking device of make approved by the Underwriters Laboratories of Chicago, Illinois," and it is admitted that the Ford assured in this case was not so provided.

The answer to this defense is that by the word "cars" was meant a "passenger car" or automobile, and not a truck. This construction is justified by the interpretation put upon the word by the defendant itself.  C. C. 1948, 1956.

I. A. Dawson, secretary of the plaintiff company, testified that it financed with the defendant forty or fifty trucks not supplied with locking devices; that Mr. Carey, the defendant's agent, told him, in discussing this clause, that a "truck" was not considered a "car".  He insured with the defendant under the open policy insurance in this case "around 600 (cars) and 75 to 150 were trucks, none of which were equipped with locks".

C. Nungesser, special agent of the defendant, says that it is "very rarely that a truck is equipped with a locking device"; as a rule they are not equipped with locks.  A car with the lock pays a lower premium than one without it.  In this case the truck paid the usual premium of a car without a lock.

2nd. The second ground of defense is that there was a double insurance on the truck.

It is based upon the following clause of the policy:

"No recovery shall be had under this policy if at the time a loss occurs there be any other insurance covering such loss which would attach if this insurance had not been elected."

The fact is that Tate himself, in order to protect his interest in the truck as owner effected an insurance in his own name in the Hartford Insurance Company. It was not in the name of the plaintiff, nor was it aware of Tate's action.  Tate's action cannot destroy plaintiff's rights. In Clifton Cannon vs. Home Ins. Co., 49 La. Ann. 1367, 22 South. 387, the court said:

"That to constitute other insurance avoiding previous policy the additional in-

surance must be upon the same subject, risk, and interest, effected by the same insured or for his benefit, or with his knowledge, or consent; the interests covered by the policies must also be identical." Williams vs. Crescent Mutual Ins. Co., 115 La. Ann. 651.

3rd. That the policy was avoided for breach of warranty as to use of truck.

Plaintiff's application states:

(6) "Insured's occupation or business is cleaning and dyeing."

(10) "The uses to which the automobile described are and will be put are 'business'."

The testimony of Tate is that on Sunday evening of May 13th at about 3:30 he and his wife got into the truck and went to the Globe Theatre on Canal Street, between St. Charles and Camp Streets; they remained in the theatre about an hour and a half; and when they came out of the theatre the truck was gone.

We do not think that such a casual use of the truck constituted a violation of the warranty of the use to which the truck could be put. What was meant was the habitual and continual use.

Huddy on Autos, Sec. 811, note 23; 19 Cyc. 736, Sec. 9.

4th. The last contention is that the policy covers not the amount due upon the truck but only the value of the truck at the moment of its loss, and that there is no proof of that value in the record.

Upon the trial of the case the plaintiff offered in evidence Document 10 or 11, dated May 13th, 1927, being a report made by Tate to the Superintendent of Police of the loss of the truck, in which the value of the truck is stated to be $450. The report contains many other statements. It was offered merely to show that a report had been made and not to prove the other statements by which the defendant is not bound.

The policy contains the following condition:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs and shall in no event exceed what it would then cost to replace the automobile."

Under the authority of Automobile Finance Co. vs. Globe Indemnity Co., 161 La. 303, 105 South. 545; Automobile Finance & Securities Co. vs. Globe Ind. Co., 4 La. App. 184, we must determine the liability of the defendant not upon the full amount of the debt due by the purchaser but upon the actual cash value of the truck at the time the loss occurred. Gernier vs. Springfield Fire & Marine Ins. Co., 109 La. 341, 33 South. 361.

It is therefore ordered that the judgment herein be amended by restricting the amount thereof to the actual cash value of the truck at the time its loss occurred and as thus amended that it be affirmed, and for the purpose of ascertaining the amount of the cash value this case be remanded to the District Court, costs of appeal to be paid by plaintiff.

Judgment amended and case remanded.