## FLORIDA CENTRAL & PENINSULAR RAILROAD COMPANY *v.* JUDGE.

1. Relatively to one who is not the owner of cultivated lands through which the track of a railroad company runs, such company is under no duty, whether the notice provided for by the act approved November 11th, 1889 (Civil Code, §§2243-6), be given by the owner or not, to erect, keep or maintain cattleguards for the protection of crops growing upon such lands. For a breach of duty imposed by that statute the owner of the lands only is entitled to maintain an action.

2. This action having been instituted by a person other than the owner of the premises, he was not, under the act, entitled to recover, and there being no allegation of such a contract upon the part of the railroad company with the person alleged to have been damaged as would impose upon it the duty to keep and maintain a cattle-guard at the point in question, upon a general demurrer to the declaration the action should have been dismissed.

3. The above rulings render unnecessary further examination of the assignments upon errors alleged to have been committed at the trial.

Submitted February 18,—Decided March 22, 1897.

Action for damages. Before Judge Norwood. City court of Savannah. July term, 1896.

*Denmark, Adams & Freeman*, for plaintiff in error.
*W. M. Heyward*, contra.

ATKINSON, Justice.

Under the provisions of the act of the General Assembly approved November 11th, 1889, the plaintiff brought an

action against the defendant, alleging that it had damaged him in the sum of $1,000.00. He alleged, that for many years past he had been engaged in conducting a farm upon a tract of land owned by his father; that this farm was crossed by the track and right of way of the defendant company, which ran diagonally through the cultivated fields upon that farm for about a half-mile, and there being no stock law of force in the county in which the farm was situate, and the defendant failing to fence its track so as to protect the crops thereon against depredations of stock, it became the duty of the defendant to erect and maintain on the track and right of way, at the points of entrance and exit upon and from said farm, safe, proper and efficient cattle-guards; that in consequence of such failure, domestic animals of various kinds entered upon his crops and destroyed them, to his great damage; that he notified the officials of the defendant of the defective condition of the cattle-guards which they had erected at the points above indicated, and the consequent damage to his crops, and they promised him several times to remedy it, but they failed and neglected to do so. Owing to this neglect, his entire crop for the season of 1894 was eaten up and destroyed by a number of roaming hogs, which came into his field directly over and upon said defective and inefficient cattle-guards, despite the vigorous and continual efforts of petitioner to drive them out. Relying upon the promises of defendant to repair the defective cattle-guards, he planted his said fields that season with the usual crop of rice, potatoes, corn and such other kinds of farm produce; they were destroyed by the incursions of hogs, and in consequence he was damaged in the sum of $1,000.00. There was a general demurrer filed by the defendant, which was overruled; and the cause proceeding to trial resulted in a verdict in favor of the plaintiff.

1. Under the view we take of the questions made in this case, it is unnecessary to consider any other than the as-

signment of error upon the judgment of the court overruling the general demurrer. The act which imposes upon the railroad company the duty to keep and maintain cattle-guards, and under which this action was brought, after providing that it shall be the duty of railroad companies operating lines of railroad in this State to build and maintain at their own expense, on each side of every public road or private way established pursuant to law, and on the dividing line of adjoining landowners where the railroad may cross such public roads, private ways, or dividing lines, when necessary to protect said lands, good and sufficient cattle-guards, upon notice by the owner to the railroad company, further provides, that if such railroad company shall fail to build such cattle-guards within the time prescribed by the act, it shall be liable to the owner of the land for all damages resulting from a failure to so build, and for each day elapsing after said time, until such cattle-guards are built, shall be liable in the sum of $25.00, to be recovered by the landowner in any court having jurisdiction over the same. The complaint in the present case is that the railroad company failed to build good and sufficient cattle-guards, and for the damages resulting from such failure this action is brought. It will be seen, by the very terms of the act itself, that, relatively to one who is not the owner of cultivated lands through which the track of a railroad company runs, such company is under no duty to build or maintain the cattle-guards in question, and that for the breach of the duty imposed by that statute, the owner of the land only is entitled to maintain an action.

2, 3. The present action was not brought by the owner of the premises. There was no allegation of any contract upon the part of the railroad company with the person alleged to have been damaged, such as would impose upon it a special duty to him of keeping and maintaining cattle-guards at the point in question; and not falling within the terms of the act imposing the duty, he is not entitled to re-

cover for the breach thereof. He is a stranger to the cause of action as he states it in the declaration. The court, therefore, erred in overruling the general demurrer to the plaintiff's declaration; and the judgment is accordingly

　　　　　　*Reversed. All the Justices concurring.*