FENN *v.* GEORGIA NORTHERN RAILWAY COMPANY.

A notice served upon a railroad company under the Civil Code, § 2243, calling upon the company to erect a cattle-guard between two named land lots, "where your line of road crosses said line," sufficiently describes the point where it is desired that the cattle-guard be erected to require a compliance therewith by the railroad company, the notice otherwise meeting all the requirements of the law. SIMMONS, C. J., and LITTLE, J., dissenting.

Submitted December 17, 1902. — Decided January 10, 1903.

Action for penalty. Before Judge Covington. City court of Moultrie. May 29, 1902.

*Pearsall & Shipp,* for plaintiff.

CANDLER, J. This was a suit against a railroad company to recover the statutory penalty provided for in the Civil Code, § 2243 et seq., by reason of the failure of the defendant to erect a cattle-guard at a point on the line of the railroad, described in a notice previously given the defendant by the plaintiff. The defendant company demurred both generally and specially. Before any ruling was made on the demurrers, the plaintiff offered an amendment to meet the special demurrer, in which he alleged that his land was at that time and had for several years been fenced and in cultivation; that the fence was on the land-lot line described in the notice given to the railroad company; and that a cattle-guard was necessary to protect his land from cattle and stock. The court refused to allow the amendment, and passed an order sustaining both the general and the special demurrer. The plaintiff excepted. The controlling question for decision by this court is whether the notice alleged to have been given the railroad company, and set forth in the petition, described with sufficient definiteness the point at which it was desired that the cattle-guard should be erected, to charge the company with the duty of complying with the notice. If that notice was good, then the court erred, both in refusing to allow the amendment offered, and in sustaining the general demurrer to the petition. The law requires that "thirty days written notice to build such cattle-guards shall be served on any agent or officer of such company, by the owner of the lands to be affected by such cattle-guards," and that "said notice shall be directed to said railroad company, and contain a description of the point where such cattle-guard is desired." The notice alleged to have been served upon the defendant in this case was as follows: "Georgia, Colquitt County. To the Georgia Northern Railway Company: In pursuance to section 2243, Vol. II, Code of 1895, you are hereby notified to build a good and sufficient cattle-guard between lots 196 and 197 in 8th district of said county where your line of road crosses said line. I own the land on the east side of said land line, and desire same protected by said cattle-guard from the land on the west side of said land line."

The act of which section 2243 of the Civil Code is a codification has been before this court a number of times, and it has always been the policy to give it, as to all laws imposing a penalty, a strict construction. In the case of *Hardin* v. *Chattanooga*

*Southern R. Co.*, 113 *Ga.* 357, it was held that one in possession of land under a bond for title, with a part of the purchase-money paid, is not the "owner" of such land within the meaning of that act, so as to entitle him to recover the penalty therein provided, in the event of the failure of the railroad company to put in a cattle-guard upon notice given by him. In *Florida R. Co.* v. *Judge*, 100 *Ga.* 601, a son of the owner of land who had given the notice, provided by the statute, who was cultivating the land, and who had been damaged by reason of the non-compliance with the notice was held to be not entitled to recover. In the case of *Southern R. Co.* v. *Harrell*, 104 *Ga.* 602, it was held that, to entitle a plaintiff to recover against a railroad company for failure to erect and maintain a cattle-guard, the declaration must allege that the cattle-guard in question was desired on the side of a public road or private way established pursuant to law, or on the dividing line between adjoining landowners; and in the same volume, page 148, in the case of *Alabama R. Co.* v. *Fowler*, it was held that the petition must further show that a cattle-guard is necessary to protect the lands. The amendment offered in the present case was evidently for the purpose of making the petition conform to the decision in the case last cited. We refer to these authorities to show how strictly this act has been construed. In our opinion, however, no violence is done to any of them in holding, as we now do, that the notice set out in the case at bar was in strict compliance with the statute, and was sufficient to impose upon the railroad company the duty of building a cattle-guard in conformity with its terms. It is difficult to conceive how it could be more definite as to the place where it was desired that the cattle-guard should be erected. The various acts of the General Assembly fixing the boundaries of counties all over this State will be found to contain just such descriptions. The act creating the county in which this suit was brought, after stating other territory to be included in the county, expressly includes "all that portion of the ninth district of originally Irwin, now Lowndes, lying west of Little river to where the river crosses the dividing line, between lots of land Nos. 443 and 444 in the 9th district." If a description of this character is sufficiently definite to establish a county line, why is it not sufficiently definite to put a railroad on notice of the point where it is desired that it shall build a cattle-guard? The owner of either land lot 196

or 197 could have sold his lands by thus describing them, and the defendant company could, from the description given, have determined with absolute certainty the point where the plaintiff alleged that the cattle-guard was necessary. In this connection see *Gress Lumber Co.* v. *Coody*, 94 *Ga.* 519; *Vaughn* v. *Fitzgerald*, 112 *Ga.* 517, and the dissenting opinion of Chief Justice Simmons in *Huntress* v. *Portwood*, 116 *Ga.* 357. It might have required some little effort on its part to have done so; but when it was given the right to condemn the plaintiff's land and go through his farm at such point as was to its interest, it accepted the obligation to protect his fields in the manner prescribed by statute; and while the penalty provided by law for non-compliance with this duty may be a severe one and require a strict construction of the act imposing it, it is none the less the duty of the courts to compel as strict a compliance with the law on the part of the railroad company as upon the part of the landowner. The rule that penal statutes must be construed strictly does not require that they shall be construed out of existence. The notice given being sufficient, the court below should have allowed the amendment offered by the plaintiff; and as so amended the petition would have set forth a good cause of action. In holding as we do we are not unmindful of the opinion pronounced by Chief Justice Simmons in the case of *Alabama R. Co.* v. *Fowler*, cited supra. It is true that in that opinion it was intimated that a description similar to the one now under consideration was not sufficiently certain. This question, however, the court expressly declined to decide, and the remarks of the learned Chief Justice, while at all times entitled to great weight, are therefore not binding as authority.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent, and Simmons, C. J., and Little, J., dissenting.*