## No. 7018.

### H. R. WADE vs. R. J. LOUDON AND SHERIFF.

In the absence of evidence as to the amount in dispute in a suit on appeal before this court, it will not be inferred that a sufficient sum is involved to give this court jurisdiction merely from the fact that there were two judgments of the district court enjoined. This court will not assume jurisdiction on an inference.

The dissolution of an injunction issued to restrain an order of seizure and sale, (in a case where no allegation is made of defect or nullity in the judgment ordering the seizure and sale) leaves nothing more to be decided in the injunction suit, and hence, the court may properly order it to be stricken from the docket.

APPEAL from the Thirteenth Judicial District Court, parish of East Carroll. *Hough*, J.

*A. W. Roberts* for plaintiff and appellant.

*Montgomery & Deloney* for defendants and appellees.

The opinion of the court was delivered by

MARR, J. In January, 1877, appellant obtained an injunction restraining Loudon and the sheriff from further proceeding in the execution of the judgments of the district court, numbers 6328, 6329, of the docket.

The injunction was granted upon the affidavit of one Hedrick, who styled himself agent and attorney in fact for H. R. Wade, "that the allegations of the petition are true and correct to the best of his knowledge and belief; and that the said Wade is in ill health and is physically unable to appear to take out these proceedings."

At the ensuing term of the court defendants moved to dissolve the injunction with damages, on the grounds:

1. That the plaintiff, Wade, at the time the affidavit was made by Hedrick, was present in the parish, and was residing within three miles of a justice of the peace, before whom he was amply able to appear and make affidavit.

5. That there has been no legal and solvent bond executed in this suit, and the same if given was not signed by any one authorized to do so.

According to the note of evidence there was no testimony offered on the trial of this motion, except that of a member of the bar, who stated merely that "fifty dollars is a moderate fee for dissolving the injunction in this suit."

The judgment dissolved the injunction with fifty dollars special damages, and ten per cent per annum interest on the amount of the judgments enjoined, for the reason, as stated in the judgment, "the law and evidence being in favor of defendant."

At the December term this injunction suit appeared on the docket; and counsel for defendant moved the court to strike it from the docket, as having been placed there in error, for the reason that the judgment dissolving the injunction disposed of the whole case.

The judgment as entered on this motion is, "that the matters in this suit were all tried and adjudicated upon on the trial of the motion to dissolve the injunction, and that this suit be now stricken from the docket."

The appeal is taken from this judgment; and we can not inquire into any other or former judgment.

Appellees have moved to dismiss on the ground that it does not appear that the amount or value in dispute exceeds $500; and it is admitted by counsel for appellant, as an examination of the transcript proves, that there is nothing to show this material fact. The counsel thinks we ought to infer sufficient value from the fact that there were two judgments of the district court enjoined. It is possible that each of these judgments may have been reduced by partial payments, so that the aggregate amount due on both would be less than $500. Or, the amount sued for, in each case, may have been reduced by compensation, or reconvention, so that the amount of both judgments as rendered may have been less than $500. Where the jurisdiction of a court is limited, as the jurisdiction of this court, the jurisdiction must appear of record: and we should not feel at liberty to assume jurisdiction by inference. Where the value does not appear otherwise, it may be shown by affidavit; but it must be made to appear, satisfactorily, in any case where the jurisdiction of this court depends upon the amount, that it exceeds the sum $500.

The injunction asked for in this case was not for any defect or cause of nullity of the judgments which the sheriff was about to execute; and the prayer of the petition was "that a writ of injunction issue, restraining said sale (the sale which the sheriff was about to make under execution); and that on trial the seizure be decreed illegal, and set aside and the injunction made perpetual." It is evident, therefore, that the dissolution of the injunction with damages left nothing more to be decided in the injunction suit. The order of the court striking it from

the docket caused no injury or prejudice whatsoever to appellant. If he has any cause of complaint, it is that his injunction was erroneously dissolved with damages; and he has not seen fit to appeal from that judgment.

The appeal is fatally defective on two grounds:

1. Because the amount or value in dispute is not made to appear in any manner:

2. Because the judgment appealed from, the order of the court striking the case from the docket, caused no injury or prejudice to appellant, since there remained nothing more to be tried, and nothing upon which judicial action, in that case, could have been taken.

It is not irreparable injury, nor is it any sort of injury, to either party for the judge to order a suit to be stricken from the docket six months after it has been finally disposed of by the judgment of the court.

The appeal is therefore dismissed with costs.