## No. 11,982.

A. GOLDMAN ET AL. VS. THE NORTH BRITISH MERCANTILE INSUR-ANCE COMPANY OF LONDON AND EDINBURG.

A paper headed conditions containing a stipulation that the assured shall at all times keep his commercial books and papers in an iron safe, to preserve them from fire, the paper being plainly marked as part of the policy, delivered to and accepted by the assured, will be deemed part of the policy, especially when the assured sues upon the policy with the paper attached as constituting his contract.

Such a stipulation is a promissory warranty, the breach of which is not cured by the allegation that from oversight or neglect on the part of the assured, or his clerk, the books were not in the safe on the night of the fire, and the policy is avoided by the breach. Wood on Insurance, Sec. 179.

The allegations in a supplemental petition, though filed after the exception of no cause of action, may be considered in determining the exception.

APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia. *Voorhies, J.*

*Morris Marks* and *Walter J. Burke* for Plaintiffs, Appellants:

A paper containing particular statements relating to the subject matter of insurance attached to the policy at the time of its execution is no part of the policy. May on Insurance, p. 182, 2d edition.

A warranty will in no case be extended by construction, nor will it be made to include anything not clearly within its terms. And it will be construed strictly against those for whose benefit it is made when it imposes burdens upon others; and so if possible as to avoid a forfeiture. May on Insurance, 2d edition, pp. 199 and 200, Sec. 170.

It has been held "That a paper pasted to a policy containing a requirement that the insured should keep a record of sales warranted to be kept in an iron safe at night," *held* a representation and not a warranty. Am. and Eng. Ency. of Law, 295; Goddard vs. East Texas Fire Ins. Co., 67 Texas, 69.

*Saunders & Miller, Morgan & Thompson, Howe, Spencer & Cocke,* for Defendant, Appellee.

Argued and submitted January 6, 1896.
Opinion handed down January 20, 1896.

The opinion of the court was delivered by

MILLER, J. The plaintiffs sue for the amount of a loss by fire of their stock in store insured by the defendants. The defendants excepted there was no action. Thereafter plaintiffs filed a supplemental petition. The court sustained the exception and dismissed the suit, from which judgment plaintiffs appeal.

The policy sued upon consists of one paper signed by the agent of the company, which states the insurance subject to the three-fourths value clause, accompanied with the stipulation that the company in the event of a loss shall be entitled to a proportionate diminution of its liability by reason of an additional insurance; and then follows the clause that assured should keep his books in a safe. That stipulation, the basis of defendants' exception, is substantially: the assured shall take an inventory of stock annually; shall keep books exhibiting his purchases, sales and business transactions, and shall keep the books and inventory securely locked in an iron safe at night, and at all times when the building is not open for business, or in some place not exposed to fire which would destroy the building. The petition made no reference to these stipulations constituting which is called the Iron Safe clause, but did aver the loss by fire and. compliance with all conditions, representations and warranties in the policy. With the exception of no cause of action defendants answered, setting up the failure to comply with the iron safe clause as a defence. Thereupon, the plaintiffs, by a supplemental petition, substantially admitted the non-compliance, but averred the books and papers were

not in the safe when the fire occurred for the reason that using the books to a late hour on Saturday night, by oversight the books were not put in their safe; were destroyed in the fire of the next day (Sunday), and the additional averment was made that from other books and duplicate accounts the amount of the loss could be ascertained.    In this position of the pleadings the exception of no cause of action was sustained.

The plaintiffs contend that the exception is to be tested by the original petition, and that petition they maintain was sufficient.   We think on that petition the exception would have been overruled, leaving to defendants their defence of the violation of the safe clause.   It would, however, be of no avail to plaintiffs to reverse the judgment, even if the supplemental petitions could not be considered in passing on the exception, for they still would have to encounter, on the face of their own pleadings, the defence urged by the exceptions, and if that defence is valid, defendants would have the right to a determination of that issue, and thus save the trouble and expense of a trial.   The object of amending is to set out more fully the cause of action, and we think the lower court properly treated both original and supplemental petitions, as presenting the cause of action denied by the exception.

The question, then, is whether this safe clause is a warranty, the breach of which avoids the policy; or, if a warranty, whether the excuse alleged by plaintiffs in their supplemental petition relieves the plaintiffs from compliance.   Representations in their usual significance precede the policy and refer to the character, ownership, use and other particulars of the subject insured. Whether material or not, if they are made part of the policy, and are false, they are treated also as warranties, and the misrepresentation avoids the policy.   Wood on Insurance, Sec. 150.   Promissory warranties refer to what the insurer engages to do in the future.   Obviously, it seems to us the safe clause is a promissory warranty inserted for the security of the assured to guard against fictitious losses. It is an engagement on the part of the assured that the books and papers deemed the most valuable evidence of the property and its value shall be preserved from destruction by the method plainly prescribed by the policy.   We notice defendant's contention that the stipulation as to the books is not explicit; that it does not state whether the books shall be single or double entry, and is deficient in

15

other respects.   We think the requirement that the assured shall keep a set of books exhibiting their purchases, sales and transactions is sufficient.   But the argument on this point is stripped of force in view of the fact that they had no books in their safe.   It is contended on behalf of plaintiff that the courts of other States have held the stipulation under consideration is not a warranty.   A decision of the Supreme Court of Texas is relied on by plaintiffs on this branch of their argument.   In New York the statute requires all conditions to be embraced in the body of the policy.   The decisions to which we have been referred seem mainly to be devoted to questions arising under the statute.   The Massachusetts decisions cited in plaintiff's brief do not, in our appreciation, sustain the plaintiff's contention that a stipulation like that under consideration is not a warranty. The question never has been decided by our courts.   In view of the nature of this iron safe stipulation, referring as it does to the future and imposing an obligation to be observed by the assured in reference to their books, we must regard it as a promissory warranty. Wood on Insurance, Sec. 179.

But the plaintiffs contend that under the allegations in the supplemental petition the failure of compliance with the clause is excused. The allegation is the books and papers were not in the safe on the night of the fire, owing to the oversight or unintentional neglect of the assured or their clerk.   We can not accept the allegation as importing an equivalent or excuse for non-compliance with the plain obligation of the policy.   If such an excuse could be accepted it would be to change the contract.   It would be idle to insert such a stipulation in the policy, if neglect or oversight of the assured could be deemed sufficient to avoid the effect of their failure to observe a duty imposed on them in explicit terms.

Again, the plaintiffs contend the iron safe clause, because on a separate sheet, is no part of the policy.   The paper was delivered with the policy bearing the statement on its face it was part of the policy.   Under the New York statute, it is possible this might not have been sufficient.   It is in this connection the decisions of the New York Court bear some relation.   We have no such statute.   Besides the paper was filed with the petition as part of the policy.   We hold it to be such.

We have given attention to the authorities cited by plaintiffs and

have considered their argument, but our conclusion is the judgment of the lower court, maintaining the exception, is correct.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.