## SOUTHERN RAILWAY COMPANY *v.* HARRELL.

The law imposes upon a railroad company no duty to build or maintain at its own expense cattle-guards on its right of way, except at public roads or private ways established pursuant to law, and on the dividing line of adjoining landowners. A suit, therefore, against a railroad company for damages growing out of its failure to maintain or keep in proper condition a cattle-guard is demurrable, the petition not setting forth that the cattle-guard in question was at either of the points on defendant's road above designated.

Argued April 29, — Decided May 26, 1898.

Action for damages. Before Judge Smith. Dodge superior court. September term, 1897.

The suit was for damages on account of the alleged failure of the railway company to maintain a cattle-guard. To the

petition the defendant demurred on the grounds : (1) It sets
forth no cause of action.   (2) Defendant is under no legal duty
to maintain a cattle-guard as claimed.   (3) The petition does
not show that plaintiff has properly complied with the law in
reference to constructing, maintaining, or keeping in repair cat-
tle-guards, so as to give him any right of action.   (4) The al-
leged damages for loss of time are not recoverable.   The court
overruled the demurrer, and defendant excepted.   The petition
was filed August 16, 1897.   It alleges, that at the point where
the defendant's railroad enters plaintiff's field (described), the
defendant and its predecessor kept up and maintained a certain
cattle-guard continuously from the year 1869 until about Jan-
uary 15, 1897, about which last-mentioned date the defendant
removed the cattle-guard and put in another so defectively con-
structed that hogs and other animals have free ingress to de-
fendant's field, and have destroyed a large portion of the crops
growing thereon, damaging the crops $300.   Further, defend-
ant has damaged plaintiff $100 for loss of time of himself and
servant in guarding and keeping stock out of the field.   Be-
fore any damage had resulted he called the attention of the
officials of defendant, whose duty it was to look after such mat-
ters, to the defects of the cattle-guard, and urged them to repair
it and keep it in repair, and thereby prevent the injury which
has resulted ; but they failed and refused to do so.   The fence
around said field comes to the road-bed of said railroad at the
point where the cattle-guard is located, and the damage set forth
was caused solely by the failure of defendant to maintain the
cattle-guard as required by law, and not through any fault or
negligence of plaintiff.

  *DeLacy & Bishop*, for plaintiff in error.

  LEWIS, J.    Prior to the passage of the act of 1889, embodied
in sections 2243 et seq. of the Civil Code, we are not aware of
any statute imposing upon railroad companies in this State the
duty of building or maintaining cattle-guards.   The only law
now upon the subject is that embraced in the sections above
cited.   Section 2243 requires a railroad company "to build and
maintain at its own expense good and sufficient cattle-guards
on each side of every public road or private way established

pursuant to law, and on the dividing line of adjoining land-owners where the railroad may cross such public roads, private ways, or dividing lines, when necessary to protect said lands." Even before the company can be required to build cattle-guards at such places, thirty days written notice must be given to its agent or officer by the owner of the land to be affected by such cattle-guards. The declaration in this case does not show that the cattle-guard in question is located either at a public road or private crossing, or on the dividing line between adjoining landowners, nor does it show that the notice required by the statute was given to the defendant's agents or officers. If a cattle-guard is desired by the owner at any other point on his land than the places above designated, it then becomes the duty of the railroad company, upon written notice as provided in the section above cited, within ten days after the service of such notice, to submit to the landowner, or his agent, if to be found, a written estimate of the cost of such cattle-guard or farm-crossing. If the landowner is satisfied with the estimate, he shall pay the amount to the company, or if he and the company can not agree as to the correctness of the estimate, then the same shall be determined as are damages for right of way. See section 2245 of the Civil Code. Where a cattle-guard is required under section 2243, the company must pay the expense of building and maintaining the same; when required under the last section above cited, the owner of the land must incur such expense. The petition utterly fails to set forth a case against the defendant company under either one of these provisions of the statute. We think, therefore, the demurrer should have been sustained. *Rossignoll* v. *N. E. Railroad*, 75 *Ga.* 354.

*Judgment reversed. All the Justices concurring.*