(38 South. 87.)

No. 15,248.

ST. LANDRY WHOLESALE MERCANTILE CO., Limited, v. NEW HAMPSHIRE FIRE INS. CO. OF MANCHESTER, N. H.*

(Jan. 16, 1905.)

INSURANCE — WARRANTIES IN POLICY — IRON-SAFE CLAUSE—BREACH—INDIVISIBLE CONTRACT.

1. Where a promise in a policy of insurance is declared to be a warranty, the only concern of the courts, in the absence of a contrary statutory enactment, is to ascertain whether or not it has been complied with.

2. A warranty, to the effect that the assured will keep a set of books, and within a certain time make an inventory of his stock, and that he will preserve the books and inventory in an iron safe, or in a safe place, and produce both books and inventory in the event of a loss by fire, is not complied with where the inventory is not taken within the time specified, and is not preserved or produced, though it be alleged, after the loss has occurred, that an inventory approximately correct may be made from the books.

3. Where a policy is issued for a gross amount in consideration of a single premium, paid or to be paid, for the whole, though part of the amount is placed on a building and part on a stock of merchandise therein contained, and by its terms becomes void, whether by reason of a breach of the promise to make, preserve, and produce an inventory of the merchandise or by reason of a breach of the condition as to the ownership of the ground upon which the insured building stands, the contract is indivisible, and, though there be but one such breach, there can be no recovery.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Action by the St. Landry Wholesale Mercantile Company, Limited, against the New Hampshire Fire Insurance Company of Manchester, N. H. From the judgment, both plaintiff and defendant appeal. Reversed in part.

John F. Tobin, Edward Benjamin Du Buisson, and Ivy Green Kittredge, for appellant. Lewis & Lewis, for appellee.

---

*Rehearing denied February 27, 1905.

## Statement.

MONROE, J. On December 11, 1902, defendant, in consideration of a single premium, paid, and to be paid, for the whole, issued its fire policy in an amount "not exceeding $2,500" on plaintiff's "stock of general merchandise * * * while kept in the one-story, frame, composition roof building" situated in the town of Opelousas, and "on the above-described building," the amount placed on the stock being $1,000 and on the building $1,500; the whole, subject to the following, among other, conditions:

(1) That the entire policy should be void unless otherwise provided by agreement, indorsed thereon, or attached thereto, "if the subject of the insurance be a building on ground not owned by the insured in fee simple."

(2) That said policy should be null and void unless the "assured should take an inventory of the stock on hand at least once in each calendar year," and, unless such inventory should have been taken within 12 months prior thereto, should take one within 30 days after the date of the policy, and thereafter keep it, with the commercial books of the assured, "securely locked in a fireproof safe at all times when the building mentioned" in the policy should not be actually open for business, or else should keep such books and inventory in some place not exposed to a fire which would destroy the building.

(3) That the assured should furnish sworn proof of loss within 60 days after the fire.

Plaintiff sued originally on the policy, which was annexed to the petition, to recover as for a total loss, but, after an exception of prematurity of action had been filed, was allowed to amend by alleging a waiver of the condition requiring proof of loss. Defendant, for answer, denies liability on the ground that plaintiff failed, in the respects mentioned, to comply with its obligations under the contract.

It is not asserted that the inventory called for by the contract was made within 30 days after the issuance of the policy, nor that the plaintiff was ignorant of its obligation in the premises, nor that there was any waiver with respect thereto on the part of the defendant.

It is not asserted that the plaintiff at any time owned the land upon which the insured building stood, the fact being that it belonged to a member and stockholder of the plaintiff corporation, and was occupied by the latter under a lease, and the position of the plaintiff with reference to the matter being that defendant's local agent was aware of the fact when the policy was issued, and that his knowledge was the knowledge of the defendant. The proof does not sustain this position. The proof of loss is said to have been waived, and considerable testimony was taken with a view to establishing the facts relied on as supporting that contention. In view, however, of the conclusion reached upon the other issues presented, this question need not be here considered.

There was judgment in the district court in favor of plaintiff with respect to the insurance on the building, and in favor of defendant as to insurance on the merchandise, and both plaintiff and defendant have appealed.

## Opinion.

Plaintiff's counsel argue that the "iron-safe clause," in so far as it relates to the inventory, was sufficiently complied with, in that a projet of an inventory had been prepared, and a summary thereof entered in the books, and in that an inventory approximately complete can now be made from the books; it being conceded that the projet referred to was not intended to subserve the purpose of the inventory called for by the contract, that it was not kept in a safe or a safe place, and that it was destroyed by fire with the property insured. The iron-safe clause is typewritten, with the description

and valuation of the property insured, upon a separate piece of paper, which is attached to the face, and is the most conspicuous feature, of the policy. That clause, in its first paragraph, reads: "The following covenant and warranty is hereby made part of this policy." The next paragraph provides that "the policy * * * shall be null and void if an inventory be not made within thirty days," (unless one had been made within 12 months preceding). The next paragraph provides that the assured shall "keep a set of books," etc.; the next, that "the assured will keep such books and inventory * * * securely locked in a fireproof safe at night," etc.; and the final paragraph reads:

"In the event of failure to produce such set of books and inventory for the inspection of this company, *this policy* shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon." (Italics by the court.)

It would, of course, have been competent for the parties to have made some other contract. They might, for instance, have agreed *to dispense with an inventory, and rely on the books,* or they might have agreed that the failure of the assured to make, preserve, and produce the inventory should entail no other consequence than the avoidance of the contract in so far as it related to the merchandise. Upon the other hand, it was equally competent for them to make the contract upon which this suit is brought, and which declares as plainly as words can express it that the assured shall keep a set of books, and within 30 days make an inventory; that both books and inventory shall be preserved by the assured in a particular way; that the books and the inventory so made shall be produced by the assured for the inspection of the insurer; and that, if the assured should fail to make the inventory, or to preserve and produce both the inventory and books, the "policy shall be" and "shall become null and void."

It is not suggested that the plaintiff believed that the contract dispensed with the inventory. On the contrary, it is conceded that its obligation to make, preserve, and produce such an instrument was fully understood and recognized, and the argument now presented amounts to a proposition that the court shall dispense with the contract as made, and enforce upon the parties thereto, at the suggestion and for the benefit of one of them, and against the will and to the detriment of the other, a contract into which they have never entered.

The judge a quo thought that the local agent of the defendant knew when the policy sued on was issued that the land upon which the assured's building stood belonged to some one other than the assured, and that the defendant was bound by that knowledge, it not being suggested that it had actual knowledge of that fact. He also attached some importance to the fact that plaintiff made no written application for insurance, and made no representation as to its interest in the property insured, save such as is to be deduced from the policy itself. The facts, as they appear from the record, are that the local agent of the defendant is the brother of the president of the plaintiff company, and, whilst his allegiance seems to have been somewhat divided, his sympathies have evidently been entirely with the plaintiff. Nevertheless he was unable to bring himself to the point of saying that he knew, when the contract sued on was entered into, that his brother, and not the plaintiff, was the owner of the land upon which the insured building stood; the nearest that he comes to it being an inference to that effect, based upon the fact that he had heard some years ago that his brother had acquired the lots, which inference, as he says, was not affected by the fact that he knew that the defendant company, in which his brother owned but one-fourth of the stock, had erected the building which became the subject of the insurance. As

against this, there is in the record the positive testimony of another agent of the defendant to the effect that, when the local agent directed him to the property in question, in order that he might fix the rate of insurance, he (the local agent) told him (the other agent) that the building stood on land owned by the company, and it appears that the partner of the local agent was also under the impression that the land belonged to the company, and so informed the witness. Beyond this, to hold that the local agent had such knowledge would be to hold that he deliberately deceived both his employer and his client, and involved them in a contract in which they would not have entered but for such deception, since the contract reads:

"This entire policy shall be void * * * if the interest of the insured be not truly stated herein. * * * This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple," etc.

If, however, the local agent of defendant was ignorant as to plaintiff's relation to the property with reference to which it was contracting, the plaintiff was not, and, although plaintiff made no previous representations upon the subject, it entered into a contract, which, on pain of nullity, required that it should be the sole owner of both land and buildings. There is, no doubt, some variance in the jurisprudence of the country upon the issues thus presented, but that variance arises in some instances from statutory enactments, and otherwise to some extent from the fact that the jurisprudence has been built up during a period in which contracts of insurance were prepared exclusively by the insurers, and the construction was therefore rigidly against them in all matters of interpretation. Since 1898, however, fire insurance companies doing business in this state have been prohibited by law from issuing "policies on property in this state other than those which shall conform to the requirements of the New York standard form of fire insurance policies." Act No. 105, p. 151, of 1898, § 22. There is no reason, therefore, so far as we are informed, why, in interpreting the contract sued on, issued in conformity to the statute, a court of justice should lean one way more than another; and it seems to us that it would be difficult in any event to lean far enough to affect the result in this instance.

The law, as we understand it, which is applicable to the case here presented, has been stated, and may be restated, as follows:

"Where the conditions are written or printed on the face of the policy, the assured, by accepting it, becomes bound thereby, and is estopped from denying that he assented thereto." Murphy v. Royal Ins. Co. of Liverpool, 52 La. Ann. 789, 27 South. 143; Lippincott v. Louisiana Ins. Co., 2 La. 399; Weinberger v. Merchants' Ins. Co., 41 La. Ann. 31, 5 South. 728; Adema v. Ins. Co., 36 La. Ann. 660.

"In the absence of any express declaration on the subject, whether a particular representation or promise in a policy of insurance amounts to a warranty, depends, it may be said, upon its materiality, as determined by the court in which the question is litigated. When, however, the conclusion is reached that such representation or promise is intended as a warranty, the question of its materiality is eliminated, and the only concern of the court, in the absence of statutory enactment to the contrary, is to determine whether the representation is true or false, or whether there has been a compliance or noncompliance with the promise." Germier v. Springfield Fire & Marine Ins. Co., 109 La. 341, 33 South. 361; Goldman et al. v. Ins. Co., 48 La. Ann. 223, 19 South. 132.

"A policy of insurance, the consideration of which is a premium payable in a gross sum, is entire and indivisible, though the contract insures different classes of property in separate amounts. It follows from this that where such a policy insured both a building and a stock of merchandise therein contained, and provided that in the event that the insured failed to take an inventory of the goods at a time specified 'this policy shall be null and void from such date,' the breach of this stipulation avoided the insurance on the building as well as the stock of goods." Southern Fire Ins. Co. v. Knight, 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216.

"An express condition that a policy shall be void if the insured is not the sole and unconditional owner of the property, or if it is mortgaged, will render it void if the conditions are broken, even if the insured made no representations as to the property or any fraudulent concealment of the facts." Dumas v. Northwestern

Nat. Ins. Co. (Sup. Ct. D. C.) 40 L. R. A. 358. "The proposition that, though the policy be void as to the house, it may be enforced as to the contents, is untenable, for such is not the contract between the parties; and the insurer underwriting both the house and the contents by one contract was entitled to know the interest of the insured in the whole." Germier v. Springfield Fire & Marine Ins. Co., supra; May on Insurance, § 189; Wood on Insurance, 384.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed in so far as it condemns the defendant, and that it be affirmed in so far as it rejects the plaintiff's demand; and it is further adjudged and decreed that plaintiff's entire demand be rejected, at its cost in both courts.