June 7, 1911.

———o———

5363.

(Court of Appeal, Parish of Orleans).

## JACOB LAUFER vs. HIBERNIA INSURANCE CO.

The "iron safe clause" of a policy of insurance must be held to be a promissory warranty when accorded that character by the

terms of the policy; in cases where the cause applies, the inquiry of the court should be confined to the question of its violation *vel non* and should not be extended to a determination of the object, purpose or materiality of its provisions, nor to an assortment of whether or not an observance of its provisions may be dispensed with.

Appeal from the Civil District Court, Division "C."

P. L. Fourchy, for plaintiff and appellee.

McCloskey & Benedict, for defendant and appellant.

GODCHAUX, J.—This is an insurance suit for the recovery of loss suffered through the damage by fire to a stock of goods insured by a policy of the defendant company, and the main defense is that the plaintiff, the insured, violated the "iron safe clause" of the policy which reads as follows:

"Iron Safe Clause. (For Stock Items Only.)

"Warranty to keep books and inventories and to produce them in case of loss.

"The following covenant and warranty is hereby made a part of this policy:

"(1) The assured will take a complete itemized inventory of stock on hand at least once in each calendar year, and, unless such inventory has been taken within twelve months prior to the date of this policy, one shall be taken in detail within thirty days after issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned.

"(2) The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales

and shipments, both for cash and credit, from date of inventory, as provided for in the first section of this clause, and also from date of last preceding inventory, if such has been taken, and during the continuance of this policy.

"(3) The assured will keep such books and inventory—and also the preceding inventory, if such has been taken— securely locked in a fire proof safe at night, and at all time when the building mentioned in this policy is not actually open for business, or, failing in this, the assured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building; and, unless such books and inventories are produced and delivered to this company for examination after loss by fire to the personal property insured hereunder, this policy shall be null and void, and no suit or action shall be maintained hereon. It is further agreed, that the receipt of such books and inventories, and the examination of same, shall not be an admission of any liability under this policy, nor a waiver of any defense to the same."

The record shows that while the plaintiff transacted business for cash only, he failed to keep any books, record or memoranda of his purchases and the only record of his cash sales consisted of a book wherein was entered the amount of each sale, but without designation or description of the articles sold.

This is clearly in violation of the second paragraph of the foregoing quotation from the policy and entails the penalty imposed in the third paragraph, that the "policy shall be null and void and no suit or action shall be maintained thereon."

> Goldman vs. Insurance Co., 48 An. 223; St. Landry Wholesale Mercantile Co. vs. Insurance Company, 114 La. 146.

The fact that the iron safe clause was printed upon a separate slip attached to the policy does not avail the plaintiff, for the slip "was delivered with the policy bearing the statement on its face that it was part of the policy" and besides the slip was offered in evidence and filed as part of the policy.

Goldman vs. Insurance Co., supra.

Plaintiff claims, however, that the clause requiring the keeping of a record of the purchases and sales should not be enforced in the present instance, because the stock, having been injured and not destroyed, can be physically examined and its original cost or value, as well as the extent of damage thereto, can be readily ascertained without recourse to records.

This contention is not well founded. The authorities cited, supra, hold that the "iron safe clause" is a promissory warranty, and that the inquiry of the court in such cases should be confined to the question of violation vel non and not extended to a determination of the object, purpose or materiality of its provisions, nor to an ascertainment of whether or not an observance of these provisions may be dispensed with.

The lower court was in error in refusing to give this effect to the provisions of the policy and in decreeing judgment for plaintiff.

It is accordingly ordered that the judgment appealed from be reversed and it is now decreed that there be judgment dismissing plaintiff's suit at his costs in both courts.

Reversed and suit dismissed.

Dufour, J., takes no part, not having heard the argument.

June 7, 1911.

Rehearing refused, June 30, 1911.