(82 South. 586)

No. 22235.

MORRIS v. STUYVESANT FIRE INS. CO.

(June 30, 1919.)

*(Syllabus by Editorial Staff.)*

1. INSURANCE ⬤≈665(3)—IRON-SAFE CLAUSE —VIOLATION.

Evidence *held* to sustain a finding that an insured violated an iron-safe clause in a fire insurance policy by failing to produce or account for the books required.

2. INSURANCE ⬤≈335(1)—IRON-SAFE CLAUSE —WARRANTY.

An insured cannot be relieved from obligation to produce inventories and certain account books under an iron-safe clause, which was declared a warranty, by showing the value of the property destroyed.

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by L. L. Morris against the Stuyvesant Fire Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

John D. Nix, Jr., of New Orleans, for appellant.

Howe, Fenner, Spencer & Cocke, of New Orleans, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment rejecting his demand for $3,400 on two policies of insurance on a stock of merchandise and his store fixtures that were destroyed by fire.

The defenses are: First, that plaintiff violated the iron-safe clause in his policies; and, second, that he intentionally misrepresented and grossly exaggerated the value of the stock of merchandise that he had had on hand at the time of the fire.

The iron-safe clause required that the assured should make a complete itemized inventory of his stock on hand at least once in each calendar year, and that such an inventory should be made in detail within 30 days after issuance of the policy unless one was made within 12 months prior to the date of the policy. It required also that the assured should keep a set of books containing a complete record of the business transacted, including all purchases, sales, and shipments. The promises made in the iron-safe clause were declared a warranty; and it was stipulated that a failure to produce the inventories and set of books for the inspection of the insurance company would render the policy null and void and be a perpetual bar to a recovery thereon.

When the insurance adjuster asked plaintiff for his books and inventories after the fire, he produced only an inventory dated several months after the policies were issued and a book showing the amount of his daily sales from the date of the inventory to the date of the fire. When the suit had been put at issue, plaintiff's brother testified, under commission, that an inventory had been made within the 12 months prior to the date of the policies, and that he, the brother, had kept books for plaintiff from the time he began business to a date about six months before the fire. The inventory said to have been made within the 12 months prior to the date of the policies was not produced, nor was its absence accounted for. A journal and a ledger, said to have been kept by plaintiff's brother, showing the transactions to a date 6 months before the fire, were produced on the trial and filed in evidence. Plaintiff testified that he had found them at his home in New Orleans, where his wife had brought them some time before the fire, which occurred in Bogalusa. He testified that the books he had kept after his brother left him were in an iron safe in the store at the time of the fire, but that, when he went to look for the books, two days after the fire, he found the iron safe broken open and empty. A gang of boys had broken open the safe the day after the fire; and one of them testified that there was nothing—not even ashes—in the safe when they opened it.

, [1] Our conclusion is that plaintiff violated the iron-safe clause by failing to produce or to account for the books required and an inventory made either within 12 months before the date or within 30 days after the issuance of the policies.

Defendant's counsel point to what they charge is a falsification in the book showing the amount of sales made on each of 4 days within a month before the fire. We cannot determine from the photographic copy of the document that the figures have been tampered with; and we rest our decision of the case upon the violation of the iron-safe clause.

[2] Plaintiff's attorney argues that, if there was a violation of the iron-safe clause, it was only technical, and that there is ample proof of the value of the goods that were lost. The proof of loss is not at all satisfactory; and, if it were, we doubt that it would help matters. We cannot relieve plaintiff of his obligations under the iron-safe clause, which was declared a warranty in the policy contract. See Germier v. Springfield Fire & Marine Insurance Co., 109 La. 341, 33 South. 361, and St. Landry Wholesale Mercantile Co. v. New Hampshire Fire Insurance Co., 114 La. 146, 38 South. 87, 3 Ann. Cas. 821.

The judgment is affirmed.