OVERTON, Justice.
 

 These cases have been argued and submitted as one case. The issues in each are identical. Both suits are brought to recover on fire insurance policies, covering the merchandise, consisting principally of dry goods, notions, and all other merchandise incidental to the business of the insured, including boxes and packages containing the same, all while contained in the one-story, brick, slate roof building, situated at No. 1532 Dryades street, New Orleans, La.
 

 The merchandise contained in the store was destroyed by fire, with the exception of a few dresses, which were sold by a salvage company for $291.11 net to plaintiff. The defendants refused to pay the policies on the ground that there was a breach of the iron-safe clause, forming part of the policies. This breach consisted, among other things, of the failure on the part of plaintiff to keep and produce such an inventory of the merchandise in the store from which it could be determined, at the time the inventory was taken, the amount, kind, and quality of the merchandise therein.
 

 At the outset of the trial of the case, plaintiff called to the stand a witness, named Meyer Botofsky, who is a certified public accountant. After a few preliminary questions,
 
 *151
 
 plaintiff undertook to identify the inventory as covering the merchandise destroyed. Plaintiff then offered the inventory in evidence, which was dated November 1, 1&30, and concerning which the identification was sought to be made. Thereupon, defendants, with the permission of the court, preparatory to making an objection to the admissibility of the inventory tendered, cross-examined the witness. This examination brought out that plaintiff had three places of business in the city of New Orleans, one on Dryades street, which is the one in which the fire occurred, one on Baronne street, and still another on Canal street; the last two not being covered by these policies. It also appeared from this examination that the inventory was an inventory of all three stores, so made that it was impossible to tell from it what merchandise was in any one of the stores, or to inform one’s self of the quantity, quality, or amount of merchandise in any one of the stores, or what particular merchandise was in any one of them.
 

 Defendants objected to the introduction of the inventory “on the ground that it does not comply with the iron safe clause, for the reason that it is not a complete, itemized ■inventory, in that it contains an inventory of three stores and there is no itemization, even in respect to any of the stores, and furthermore, on the ground that it is physically and humanly impossible to tell from that inventory or in any other way what goods, in kind, quality, and quantity, were at the Fifth Avenue Shop”; this being the name of the Dryades street store, where the stock was destroyed.
 

 After argument, the court sustained the objection, and defendants then moved for judgment in both cases. Following argument on the motion, this entry was made by the court;
 

 “Counsel for the plaintiff now states to the court that he is prepared to go on with his case and to tender evidence to show the character, kind, and quality of the goods destroyed by the fire at 1532 Dryades Street, and the value thei'eof. Counsel for the defendant objects to any such testimony on the grounds heretofore stated and for the same reasons that the court gave [which cover six and a half pages of the record] in maintaining his first objection. The court thereupon sustains the objection of' counsel for the defendant and states to counsel for the plaintiff that the same objection would be made and the same ruling entered as to all other evidence of a similar kind, and thereupon, by common agreement of the court and counsel for plaintiff and defendant, it is agreed that all the rights of the plaintiff on appeal shall be as fully preserved by this ruling and this agreement as if a thousand questions’ were asked and objected to and the objections sustained by the court.”
 

 The policy contains the standard iron-safe clause. It is unnecessary to reproduce the clause here. Suffice it to say that the clause binds the assured to take a complete itemized inventory of stock on hand at least once in each calendar year, and where no inventory has been taken within twelve calendar months prior to the date of the policy, to take one in detail within thirty days of the issuance of the policy under pain of the nullity
 
 *153
 
 thereof. The clause also binds the assured to keep a set of books, which shaE clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and credit, from the date of the inventory. In the event of the failure to produce such set of books and inventories for the inspection of the company, the clause provides that the policy shall become null and void, and that the failure shall constitute a perpetual bar to any recovery thereon.
 

 The iron-safe clause must be complied with substantially to entitle the insured to recover. Such is the contract between the parties. The reasonableness of the clause and its binding effect have been recognized by this and other courts repeatedly. It is a necessary clause in a fire insurance policy on stock in trade, to the end that a just settlement of the loss may be made, should the merchandise insured be destroyed by fire during the term of the policy. Davis v. National Fire Insurance Co., 169 La. 63, 124 So. 147; Stovall v. Sterling Fire Insurance Co., 163 La. 284, 111 So. 707; Lucille Ladies’ Ready-to-Wear, Inc., v. Glens Falls Insurance Co., 168 La. 696, 123 So. 295; Thompson v. State Assurance Co., Ltd., 160 La. 683, 107 So. 489; Manuel v. Stuyvesant Ins. Co., 156 La. 813, 101 So. 152; St. Landry Wholesale Mercantile Co. v. New Hampshire Fire Ins. Co., 114 La. 146, 38 So. 87, 3 Ann. Cas. 821; Germier v. Springfield Fire & Marine Insurance Co., 109 La. 341, 33 So. 361; Royal Insurance Co. v. Kline Bros. & Co. (C. C. A.) 198 F. 468; Southern Fire Insurance Co. v. Knight, 111 Ga. 622, 629, 630, 36 S. E. 821, 824, 52 L. R. A. 70, 78 Am. St. Rep. 216.
 

 Since the requirement as to the making and preserving of an itemized inventory is a part of the iron-safe clause, which is material in ascertaining the loss in the event of fire, it follows that the foregoing authorities are pertinent to show that the failure to make and preserve the inventory, in substantial accord with the clause, is fatal to the right to recover on the policy.
 

 The foregoing being true, we have no hesitancy in holding that the trial judge was correct in sustaining the objection urged to the inventory, such as it was, that plaintiff offered. The inventory offered was no inventory at all, to all practical purposes, of the merchandise in the Dryades street store, but an inventory of three stores, of which the Dryades street store was one, from which it was impossible to tell, by inspecting it, the kind, quality, and amount of goods in the store named. The defendants herein were not concerned with what was in all three stores, but only with what was in the Dryades street store — the stock in which they had insured against fire. Such an inventory was not in substantial accord with the requirement of the policies. The inventory contemplated by those instruments was an itemized one from which the quality, quantity, and amount of the various articles in the store could be determined as of date when the inventory was taken. With such an inventory, books, properly kept, would have enabled defendants to determine on the date of the fire what, was in the store and what the loss was — and this data plaintiff bound himself to keep and produce.
 

 
 *155
 
 The offer made hy plaintiff, when the motion for judgment was under consideration, does not appeal to us as tendering any evidence, touching the required inventory, which would call upon the court below to receive it. Plaintiff made no tender of another inventory, supposed to comply with the terms of the policy, which it may be presumed he would have done, had he had such an inventory. The only offer he made was that, if the trial were proceeded with, he would tender evidence, without specifying its nature, “to show the character, kind and quality of the goods destroyed by the fire at 1532 Dryades Street, and the value thereof.” This general offer was made in the face of the fact that plaintiff had failed to establish a condition precedent to recovery, namely, the taking of a proper inventory. We infer that he had no inventory of the merchandise in the store on Dryades street to offer, but proposes to supply an inventory by means of parol evidence, invoices, and perhaps by the use of another inventory, said to exist, taken some ten months prior to the fix-st, being an inventory of the Dx-yades street store and of another store, made confusedly, as if the two stores were one, on the order of the rejected inventoiT', or perhaps of some partial and incomplete inventory, not suggested by the
 
 record.
 

 None of such evidence is admissible. Plaintiff has not the right, over the objection of defendants, to build up an inventory on the witness stand, by parol evidence and such data as he may obtain, to take the place of the inventory, prescribed in the policies, which policies are the contracts between the • parties, and force it upon defendants against their will. As was said in Phenix Insurance Co. v. Dorsey, 102 Miss. 81, 58 So. 778, 780 involving a similar question:
 

 “No amount of evidence, however convincing, as to the value of the goods lost, can suffice to abrogate the covenant [referring to the-requirement as to inventory]. * * * The-courts will not attempt to limit the right of' contract, and no court can niake a contract which was never agreed to by the parties to-the contract. Courts are not authorized to-modify, add to or subtract from the terms-of a valid contract, and this contract, providing for an inventory, was entirely valid,, imposed no hardship, but provided a business method whereby' the rights of the parties-could be ascertained and adjusted.”
 

 In St. Landry Wholesale Mercantile Co. v. New Hampshire Fire Insurance Co., 114 La. 146, 38 So. 87, 88, 3 Ann. Cas. 821, where the-argument was made that the iron-safe clause, in so far as it relates to the inventory, was-sufficiently complied with, in that a pro-jet, not. intended as the inventory called for by the policy, a summax-y of which was entered, in the books, from which an inventory approximately complete could be made from them, the px-ojet having been destroyed by the fix-e, the court said, in reply to the argument, that:
 

 “The argument now presented amounts to a proposition that the court shall dispense with the contract as made, and enforce upon-the parties thereto, at the suggestion and for the benefit of one of them, and against the will and to the detriment of the other, a contract into which they have never entered.”
 

 
 *157
 
 Our conclusion is that the court did not err in sustaining the objection to the general offer made by plaintiff. This being our conclusion, the record called for the rejection of plaintiff’s demands, and these demands the court rejected.
 

 The judgment in each of these cases is affirmed.