## BUTTITTA v. J. C. PENNY CO., Inc.
### No. 4962.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

470

See, also, 160 So. 162.

Fink & Fink, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, Judge.

Plaintiff instituted this suit claiming damages in the amount of $50,000 for personal injuries alleged to have been caused her by defendant.

She alleged she was in the employ of defendant as a saleslady in its retail dry goods store in Monroe, La. The principal allegations of the petition are as follows:

"5. Petitioner now shows that there was, and is, in the store of the defendant, located at Municipal No. 316, DeSiard Street, City Parish and State aforesaid, a certain cash register system which consists of a number of wires and levers extending from the various parts and departments of the ground floor of the store to the cashier's window located on the second floor, and that attached to each of these levers is a money or cash cup in which is placed the customer's money and purchase bill, which cup is then shot up to a cashier's window by the releasing of a spring, and in a like manner the cashier is enabled to return the cup to the sales person waiting below.

"6. That your petitioner, on or about December 24, 1932, while performing her usual duties on the west side of the aforementioned defendant's store, was struck a severe blow on the left side of the head by one of the above mentioned and described money cups, which slipped off the wire.

"7. Petitioner now shows that the said money cup slipped off the wire 'in some manner or way unknown to your petitioner, and that the said cup had slipped off the wire several times before, and that the defendant, J. C. Penny Company, knew or should have known, had the proper care and diligence been exercised in the premises, that this mechanism and machinery was in a defective state, and in need of repair, and that the failure of the said J. C. Penny Company to 'repair or properly inspect the part of the above described machine amounted to gross negligence on the part of the above defendant, and that the sole and only cause of the accident was the failure of the said J. C. Penny Company to properly repair and inspect the said machinery."

Plaintiff further alleged that on the following Wednesday after the accident, while in the cashier's office, part of the rope, with the handle on the end, and which is a part of the cash register system, fell off and struck her in the side, causing her to faint. She alleged the injuries she received, and that she is totally and permanently disabled as a result thereof.

Alternatively, plaintiff prays for judgment under the Workmen's Compensation Law (Act No. 20 of 1914, as amended).

Defendant filed an exception of no cause of action to the alternative demand, which exception was overruled below. It likewise filed an exception of no cause of action to the petition for the main demand, which was also overruled. In answer, defendant denied all the material allegations of plaintiff's petition, and further answered as follows:

"XV. Answering Article 19 of plaintiff's petition, defendant shows that although this accident is alleged to have occurred on December 24, 1932, plaintiff did not report same or make any complaint with reference thereto, or otherwise notify defendant of her contention until October 25, 1933, on which date a letter dated October 25, 1933, directed to defendant by plaintiff's attorneys notified it of the alleged accident.

"XVI. In the alternative, should the court hold that plaintiff did suffer an accident in its place of business and while in its employ, which is specially denied, defendant shows that then and in that event same

was trivial and of no consequence and did not cause plaintiff any injury or disability; and that if in truth and in fact plaintiff is in ill health and if in truth and in fact plaintiff has physical impairments, the same were not the result of any injury, or any accident occurring as aforesaid. Defendant shows further that in the event the court should hold that plaintiff suffered an accident as aforesaid, which is expressly denied, that then and in that event the same was not chargeable to any negligence of any nature or kind on its part.

"XVII. Further answering, defendant shows that it has at certain times heretofore employed plaintiff as a sales lady in connection with the operation of its business in the city of Monroe, Louisiana, and that it had no knowledge or notice of plaintiff's contentions with reference to the occurrence of an accident until the date aforesaid, and that it therefore, and for other reasons, denied that plaintiff suffered any accident or was in any way injured while in its store and while employed by it, or at any other time."

On trial of the case below, and after plaintiff had rested her case, defendant filed an exception of no cause of action, which was sustained by the court. Later, on its own motion, the court recalled this ruling on the exception of no cause of action as to the main demand, sustained the exception as to the alternative demand, and decided the case on the merits, without hearing defendant's testimony, finding that plaintiff had failed to make out a case, and rejected her demands. The case was appealed to this court.

After the case was submitted here, we discovered there was no note of evidence in the record, due to the refusal of the clerk of court, or court reporter, to transcribe the evidence, the suit being filed in forma pauperis. We therefore remanded the case for the completion of the record. After the record was completed, the case was again fixed for trial here, and is now before us for determination.

The lower court rendered a written opinion in the case, which is as follows:

"In this case, after plaintiff had concluded her case in chief and rested, the defendant, through its counsel, stated to the court that it was prepared to introduce evidence in defense and rebuttal of plaintiff's testimony, but that in order to bring in question and procure a ruling upon the sufficiency of plaintiff's proof to entitle her to recover, it desired to file and present a peremptory exception, and requested a few minutes delay for the preparation and filing of this plea.

"This request was granted and a few minutes later it filed an exception of no cause or right of action, based upon the state of the proof adduced up to that point, and leveled at the proposition that the plaintiff had failed to make out a case.

"After hearing argument of counsel for both plaintiff and defendant, and upon reflection and careful consideration, I reached the conclusion that defendant's contention was well founded and that plaintiff was not entitled to recover, regardless of what the defense might be. I was in some doubt, at the time, as to whether this exception constituted the technically correct plea, but having in mind the decision of the Supreme Court in Gershon v. North River Ins. Company, 177 La. 148, 148 So. 10, 92 A.L.R. 368, wherein the defendant's motion for judgment was sustained by the trial court and the decision was affirmed on appeal, I concluded that this exception could be considered as a peremptory plea, similar to the motion which was sustained in the Gershon Case, and, as a consequence, concluded that it could be sustained as filed.

"Upon further reflection, I am still in doubt as to the sustainability of this exception, and as a consequence, I have withdrawn my original ruling on this exception in order to render a decision of the case on its merits. And since the decision which I have reached is adverse to plaintiff's contentions and contemplated a rejection of her demands, I feel that it is in order to assign briefly the reasons for my holding.

"Plaintiff's asserted cause of action is grounded upon the contention that while working as a saleslady for the defendant on the afternoon of December 24, 1932, she was struck in the head by a money cup which was a part of the money-changing and cash registering system installed in defendant's store, and which she alleged came loose from its holder, due to some mechanical defect in the system which was known or should have been known to defendant; and the further allegation that by reason of this blow she has become totally and permanently disabled.

"In the first place, it is very doubtful if plaintiff has proved with any reasonable certainty that she was struck at all. The only testimony in the record as to her

being struck is that of plaintiff herself, and while she swears positively that she was struck, nevertheless her witness, Miss Zera Blackwell, who was admittedly standing within only a few feet of the plaintiff, did not see the cup strike her, and in fact was not aware that she claimed to have been struck until several days later. This witness did not hear the cup fall, did not hear the plaintiff cry out, and there is no testimony to show that the cup was found and picked up by anyone else. The doctor, who plaintiff testified visited her a few days later, was not called to the stand and there is no testimony, other than the plaintiff's to show that there was any objective evidence of her ever having been struck at all; and without reflecting upon plaintiff's good faith, I am constrained to believe, in view of the testimony given by her family physician, Dr. Rizzo, that plaintiff could easily have been the victim of an imaginary injury.

"In the second place, plaintiff's cause of action is grounded upon the allegation that her injury was caused by a mechanical defect in the cash-changing and money-registering system itself, and defendant, by proper objections, restricted the testimony so as to preclude any enlargement of this allegation. And no one single witness was produced nor a single line of testimony adduced to show that the system in question was not in perfect mechanical condition. Under the express allegation (which, as stated, has not been enlarged by any testimony in the record, due to defendant's proper objections taken at the time), even if plaintiff was in fact struck by the cup, she is not entitled to recover unless the blow was caused by a mechanical defect in the system, and no scintilla of evidence has been introduced to show such a condition. I do not feel that the plaintiff's petition has been so framed as to take advantage of the doctrine of res ipsa loquitur, nor do I believe that that doctrine would apply to the present case, even if it had been invoked.

"In the present state of plaintiff's proof, I do not feel that she would be entitled to recover regardless of what defense might be interposed or testimony adduced by the defendant. And, as a consequence, I feel it my duty, notwithstanding defendant's offer to present its defense, to stop the case without further testimony and on my own motion, reject the plaintiff's demands.

"The alternative demand set up in plaintiff's petition, based upon the Workmen's Compensation Act, is subject to the exception of no cause of action originally filed, as I do not feel that this act is applicable to the employment which plaintiff was engaged in at the time of her alleged accident.

"It is therefore ordered, adjudged and decreed, for the reasons above assigned and on the court's own motion, that the demands of plaintiff be rejected, at her costs.
       "J. T. Shell, District Judge."

After a careful study of the case, we have concluded that the judgment of the lower court is correct, and it is affirmed, with costs.