**GRADY et al. v. INDIANA LUMBERMEN'S MUT. INS. CO. OF INDIANAPOLIS, IND.**

No. 10422.

Circuit Court of Appeals, Fifth Circuit.

May 18, 1943.

William J. Guste and Morris B. Redmann, both of New Orleans, La., for appellants.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

A suit upon fire insurance policies issued on a stock of merchandise was defeated by a ruling that the inventories and books tendered the insurer under the "iron safe clause" in the policies did not satisfy that warranty. The plaintiff appeals.

The evidence shows that the plaintiff in November, 1937, bought out his partner's interest in the business, taking transfer of two insurance policies on the merchandise and later taking out a third policy, all in the same insurance company. About three o'clock A. M. on June 15, 1938, fire was discovered in the store and the merchandise was destroyed thereby. For two weeks previously a special sale had been in progress in the store. After the fire a creditors' committee took charge. The insurer defended the suit not only for breach of the iron safe clause, but also on the ground that there had been false swearing in claiming about double the loss actually sustained, and on the ground that the fire was fraudulently set by the accused. The latter issues were not tried out, because the Court sustained objections to the books offered to satisfy the iron safe clause, and the trial ended there.

The iron safe clause is the usual one, binding the insured to take an itemized inventory of the goods every twelve months and to "keep a set of books which shall clearly and plainly present a complete record of business transacted, including all purchases, sales, and shipments, both for cash and credit, from date of inventory * * * and during the continuation of this policy"; and to keep the books and inventory, and the last preceding inventory, safe from fire, and produce them on demand, and on failure the policy shall be void. An inventory was taken by plaintiff Jan. 1, 1938, and produced. The preceding one taken Jan. 1, 1937, by his former partnership was not in the safe and

was destroyed by the fire. We do not find it necessary to say whether the partnership inventory had to be produced as the "preceding inventory" mentioned in the clause. The books kept were produced, but had not been posted since May 31, that is, during the period of the sale. The few invoices for goods purchased since May 31 were available, from which that side of the merchandise account could be built up. The record of sales since May 31 is the critical lack. All sales were for cash, there being no accounts receivable. The cash went through a cash register, but the cash register records were not preserved. There were paid out of this cash various expenses, including salaries, of which items a memorandum book was kept which extends through June 14. At the end of each month prior to June, there was an entry made on the cash book indicating the total amount of sales for the month, the items of expense paid out, the total amount of deposits in bank, and the checks drawn against the bank account. These cash book entries had not been made for June. There is thus no record purporting to show sales for June. The bank book shows seven deposit entries, the last on June 13, totalling $784.40. This total is less than the deposits for either the first or the last half of May, preceding the sale. There is nothing to indicate that all the cash taken in was deposited, or what the sales in June were. Assuming the sufficiency of the set of books if they had covered the two weeks preceding the fire, it is manifest that because they do not, they fail to present "a complete record of business transacted * * * including all sales * * * during the continuance of the policies."

 The law of Louisiana governs. Substantial compliance with the iron safe clause is sufficient, but if that is lacking the policy is defeated. Gershon v. North River Ins. Co., 177 La. 148, 148 So. 10, 92 A.L.R. 368. A proper inventory was lacking in that case. We find no Louisiana case holding that, in a retail store where cash sales are made, a complete record of the cash so received, though it does not indicate what particular goods were sold, is not a substantial compliance as to such sales. It is true that such a record does not directly show what goods have been taken out of the stock, and their cost value can be ascertained only by knowing the average profit or loss in the sales, but it is the sort of record of cash sales usually kept in such stores, and does show the "business transacted, including all sales". See Clark & Sons v. Franklin Ins. Co., 130 La. 584, 58 So. 345. The clause does not expressly require a record which will disclose the identity or the cost of the goods sold. But the cash sales record must be complete. In Lucille Ladies' Ready-to-Wear v. Glens Falls Ins. Co., 168 La. 696, 123 So. 295, 296, the sales tickets from which the books might have been posted were kept in a drawer and many were destroyed by the fire. The books, as here, were unposted for a period of fifteen days before the fire. Although it appeared otherwise that the loss exceeded the insurance, it was held "the books which were kept by the assured did not furnish a complete record of the business transacted, and it is well settled that without such record no recovery can be had on an insurance policy containing the standard iron safe clause". In La Hood v. National Union Fire Ins. Co., 179 La. 213, 153 So. 695, the bank deposit book was relied on to show the amount of cash sales, but the deposit book was held an insufficient record.

On the authority of these decisions the judgment must be affirmed.